LAWRENCE N. MURRAY, Plaintiff, *v.* ORANGE COUNTY ASSOCIATES, INC., Defendant.

Supreme Court, Special Term, New York County, September 25, 1946.

*Barent Ten Eyck* for plaintiff.

*William A. Mayo* for defendant.

PECORA, J. Action is brought by the holder of a promissory note against the maker to recover the balance due thereon after a sale of the collateral. The answer admits all of the material

allegations of the complaint, but raises the defense that, since plaintiff purchased the stock held as collateral, defendant is entitled to credit for its actual value, rather than its market value. The question is raised as to the propriety of the sale or that plaintiff had the right to bid in the stock himself.

The defense alleges that the stock of the National Bank of Orange County had a book value of $129.09 per share, or a total of $56,799.60, which was in excess of the amount of the note. Defendant concedes that the price paid by plaintiff for the stock upon the sale represented the prevailing market price for that stock. Neither of the parties has been able to find any decision bearing directly upon the question here raised. It would seem, however, that where there is no charge of fraud or unfair dealing, a pledgee is required only to obtain the market price of the property and not its so-called actual value. (See *Central Nat. Bank* v. *Peck,* 15 Cal. App. 2d 512.) There is no longer any doubt that the pledgee may become a purchaser of the collateral where, as here, the note specifically so provides (*Toplitz* v. *Bauer,* 161 N. Y. 325; *Cole* v. *Manufacturers Trust Company,* 164 Misc. 741.) The defense pleaded is therefore insufficient.

Plaintiff's motion to strike out the defense and for judgment on the pleadings is in all respects granted. Settle order.