[Civ. No. 7634. Second Appellate District, Division Two.—May 31, 1933.]

ARLO D. POE, Respondent, v. S. R. FRANCIS, Appellant.

Bertin A. Weyl, William Durham and William M. Morse, Jr., for Appellant.

Benj. M. Stansbury, Paul Vallee and Mott, Vallee & Grant for Respondent.

PARKER, J., *pro tem.*—This is an appeal from a judgment on the pleadings, which judgment was so rendered in favor of plaintiff after answer filed.

The complaint is in three counts, each founded upon a promissory note alleged to be unpaid. The first count sets up the execution and delivery of a certain promissory note payable to one Huttig, the assignment, transfer and indorsement thereof to plaintiff before maturity and for value, partial payment and the nonpayment of balance. The second count contains the same allegations with reference to another promissory note. The third count sets up a third note and contains the same allegations with reference to execution, delivery and nonpayment. The allegation of transfer and assignment to plaintiff makes no reference to time of transfer, whether upon or after maturity, or whether any consideration attended the assignment and transfer to

plaintiff. We shall consider the answer with reference to each count.

Count One: Defendant admits the execution and delivery of the note as alleged. The answer then proceeds: Defendant is informed and believes and on that ground denies the assignment to plaintiff and alleges that the payee of the note did not, prior to maturity, assign the note for a valuable consideration, and that the payee did transfer subsequent to maturity without consideration, and that the original payee was, at the time the complaint was filed, the owner of the note. Further it is alleged that the original payee failed and refused and neglected to deliver to defendant the consideration for which the said note was executed and delivered, and that the consideration for said note has wholly failed. The answer admits partial payment and denies that anything is due or unpaid thereon.

There are two attempted denials. ■ Under the authority of *Cuneo* v. *Lawson,* 203 Cal. 190 [263 Pac. 530], plaintiff cannot maintain the suit without proof of the assignment, and if issue is properly joined on that point a judgment on the pleadings would be improper. ■ However, an attempted denial in these words, "defendant is informed and believes and therefore denies", means nothing and cannot raise an issue of any sort. Further, a denial that the payee did assign for a valuable consideration raises no issue as to the assignment. Likewise an allegation that the payee did not transfer or assign the note prior to maturity and for a valuable consideration in itself sets forth no defense.

■ The holder of a note who obtains possession thereof and rights thereto subsequent to maturity, or who obtains such rights prior to maturity with notice, etc., has not the protection afforded a holder before maturity without notice and for valuable consideration. Yet in the absense of some defense to the note, the mere fact that the present holder paid nothing for it does not preclude recovery but only permits all defenses that might be urged against the original payee. ■ The allegation as to failure of consideration presents at best merely a conclusion of law. The allegation consists of the bald statement that the consideration has failed through the failure of the payee to deliver such consideration to the defendant. There is no allegation that

defendant executed and delivered the note without consideration, nor that he had not received adequate consideration. The only allegation is that the original payee failed to deliver the consideration, with no specification of how he failed or what the consideration was. This form of denial partially admits that there was a consideration which has failed since the execution of the note, hence, that the note was supported in its execution by such consideration. It seems plain that the denial is too evasive to deserve further attention.

Count Two: The situation as far as this discussion may apply is the same with reference to this count, save that it is admitted that nothing has been paid upon the note in suit and alleged that nothing is due thereon.

Count Three: Same allegations and attempted denials as in counts one and two. ██ As to the denial of assignment, the wording is somewhat different here. Defendant sets forth that he has no knowledge thereof and therefore denies. This too is not a proper form of denial. The denial is not based on lack of information or belief. In any event, the attempted denial merely sets up that the assignment was not for a valuable consideration, which, as we have noted, is immaterial in the absence of a defense to the notes, conceding that the same defense could be made against a holder without consideration as could be made against the original payee.

The foregoing disposes of the preliminary questions presented. To each of the counts a second defense was attempted. ██ Defendant alleges that each note was executed and delivered in payment for certain trust deeds of certain lands and notes secured thereby, and that defendant is informed and believes that the said lands were of no value or merely nominal value, and not worth more than ten per cent of the face of the trust deeds; that the payee of the notes knew the value of the lands and knew that the trust deeds were in amounts greatly in excess of the real value of said lands, and that the makers of said trust deeds were of no financial responsibility; that the payee of the notes refused to make assignments of the trust deeds at the time the notes in controversy were issued and that he has since failed to make assignments of all of the trust deeds. It is further alleged that defendant relied upon the state-

ments of the payee as to the genuineness of the trust deeds, the good faith of the makers and the value of the lands, and that acting upon this reliance he executed the notes; that the failure of the payee to deliver to defendant assignments of the trust deeds prevented the latter from dealing in and with the trust deeds, and such failure operated as a fraud upon him.

In analyzing this general defense we find no failure of consideration alleged, in that there is no claim that the actual value of the trust deeds was less than the face of the notes. Nothing indicates what was the total of the notes secured by trust deeds. For instance, from all that appears the trust deed notes may have been of the face value of one million dollars, in which case the claim of defendant that the lands were worth only one-tenth of that amount would show full consideration for the notes sued on, totaling less than twenty thousand dollars. The further allegation that the payee knew the actual value of the lands securing the trust deed notes means nothing for the obvious reason that there is no allegation that said payee ever represented to defendant what the value of the lands was. Nor is there any allegation that said payee ever made any representations on any matter connected with the transfer, or at all. Nor is there allegation that defendant himself was without knowledge of the true value of the lands. Taking the answer in its broadest sense, and disregarding all recognized rules of good pleading, it can be seen that even if the allegations thereof stood uncontradicted no valid defense is presented. True, in certain phrases the answer hints at some kind of a defense against the notes, but in the next phrase is a direct allegation destroying the inference possible from the first. The condition presents nothing but pure evasion. It is conceded that one may plead inconsistent defenses. That does not mean, however, that one can admit and deny in the same breath. For instance, a denial couched thus: Defendant admits the execution and delivery of said note and alleges that the same has been paid in full on account of the fact that the note was never executed or delivered, would be absolutely meaningless. The answer here would parallel the illustration.

On the point that there was no assignment of the trust deed after assignment of the note, we consider the

assignment of the note sufficiently transferred the chose. (1 Daniel, Negotiable Instruments, 834; *Duncan* v. *Hawn,* 104 Cal. 10 [37 Pac. 626] ; Civ. Code, secs. 1804, 2909.)

While we are of the opinion that a party should always be allowed his day in court, and that a hearing on the merits should, whenever possible, be had, yet the entire procedure calculated to insure this assumes that there are merits; and where one under oath presents his pleading it will be presumed that he has fully stated his side of the controversy therein with fairness and good faith. When the defense thus presented is insufficient and being presumed as the only defense available, the defendant has had his day in court.

The judgment is affirmed.

Works, P. J., and Stephens, J., concurred.