[No. A017083. First Dist., Div. Three. Sept. 27, 1984.]

ALLSTATE INSURANCE COMPANY, Plaintiff and Respondent, v. KIM W., a Minor, etc., Defendant and Appellant.

[No. A021685. First Dist., Div. Three. Sept. 27, 1984.]

ALLSTATE INSURANCE COMPANY, Plaintiff and Respondent, v. LEROY H. KORTE, Defendant and Appellant.

## COUNSEL

F. Richard Lucas, Goodman, Herbert & Lucas, Honeychurch, Finkas & Villarreal and Robert W. Geandrot for Defendants and Appellants.

Walcom & Harmon and John T. Harmon for Plaintiff and Respondent.

## OPINION

**SCOTT, J.**—Appellants Leroy Korte and Kim W. appeal from a judgment on the pleadings entered in favor of respondent Allstate Insurance Company in its action for declaratory relief.[1] We affirm.

Appellant Kim W., a minor, filed an amended complaint through her guardian ad litem against appellant Leroy Korte, seeking compensatory and punitive damages for injuries resulting from several acts of sexual assault. Korte was insured by respondent Allstate Insurance Company (hereafter Allstate) under a homeowner's insurance policy, which expressly excluded coverage for "bodily injury or property damage intentionally caused by an

---

[1]The separate appeals of appellants have been consolidated on the court's own motion for argument and decision; appellant Korte has adopted by reference the briefs of appellant Kim W.

insured person.'' Allstate brought an action for declaratory relief against both Korte and Kim W., among others, seeking a declaration that the policy provided no coverage to Korte for the acts alleged in Kim's complaint. Paragraph VI of Allstate's complaint alleged that during the years 1978 and 1979, Korte engaged in conduct with Kim W. and others, "assaulting and battering them for his own sexual gratification and in violating [*sic*] Section 288 of the Penal Code . . . and subdivisions A (b)(2) and Section 288 (c) [*sic*].''

Korte answered, admitting that in those years he "participated in such acts which constituted a violation of Penal Code No. 288,'' but denying, without explanation, the allegation that the policy afforded him no coverage. Kim W. also answered, denying most of the allegations of Allstate's complaint for lack of information and belief. However, she admitted the filing of the underlying action against Korte, and attached as an exhibit to her answer a copy of her verified complaint in that action.

Immediately prior to the commencement of trial, Allstate moved for judgment on the pleadings, relying in particular on Korte's admission of violating Penal Code section 288. After argument, and after counsel for all three parties agreed to submit the matter, the trial court granted the motion. Counsel for Korte then asked for leave to amend his answer by withdrawing the admission; that motion was denied. Judgment was entered declaring that Korte's insurance did not cover his acts of sexual molestation and assaults and batteries, and that Allstate was not required to defend him in Kim's action. Both Kim W. and Korte have appealed.

Appellants contend that judgment on the pleadings was an "improper procedural remedy'' and that the trial court abused its discretion in denying appellant Korte's motion for leave to amend. In the alternative, appellants contend that notwithstanding Korte's admission, judgment on the pleadings should not have been granted because a material issue remained as to whether he intended to inflict injury on Kim. Appellants also argue that the admission of Korte should not be binding on Kim.

I

■ A motion for judgment on the pleadings is an appropriate means of obtaining an adjudication of the rights of the parties in a declaratory relief action if those rights can be determined as a matter of law from the face of the pleading attacked, together with those matters of which the court may properly take judicial notice. (*Silver* v. *Beverly Hills Nat. Bank* (1967) 253 Cal.App.2d 1000, 1005 [61 Cal.Rptr. 751].) ■ A plaintiff's motion for judgment on the pleadings is analogous to a plaintiff's demurrer to an an-

swer and is evaluated by the same standards. (See *Hardy* v. *Admiral Oil Co.* (1961) 56 Cal.2d 836, 840-842 [16 Cal.Rptr. 894, 366 P.2d 310]; 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 165, pp. 2819-2820.) The motion should be denied if the defendant's pleadings raise a material issue or set up affirmative matter constituting a defense; for purposes of ruling on the motion, the trial court must treat all of the *defendant's* allegations as being true. (*MacIsaac* v. *Pozzo* (1945) 26 Cal.2d 809, 813 [161 P.2d 449].)

Respondent's motion for judgment on the pleadings was based both on the policy's exclusionary clause and on Insurance Code section 533, which provides that an insurer is not liable for a loss caused by the wilful act of the insured. ■ "Section 533 . . . is a part of every insurance contract and is equivalent to an exclusionary clause in the contract itself. [Citations.]" (*Evans* v. *Pacific Indemnity Co.* (1975) 49 Cal.App.3d 537, 540 [122 Cal.Rptr. 680].) The public policy underlying section 533 is to prevent encouragement of a wilful tort. (*Tomerlin* v. *Canadian Indemnity Co.* (1964) 61 Cal.2d 638, 648 [39 Cal.Rptr. 731, 394 P.2d 571].) In granting the motion for judgment on the pleadings, the trial court in effect concluded that the pleadings established that Korte's acts were wilful within the meaning of section 533, and that he intentionally caused injury within the meaning of the policy exclusion.

II

■ First, appellants contend that the court abused its discretion in denying appellant Korte leave to amend his answer by withdrawing his admission. That contention is unpersuasive. The general rule is that an amendment which contradicts an admission in an original pleading will ordinarily not be allowed unless a showing is made of mistake or other excuse for changing the allegations. (*Roemer* v. *Retail Credit Co.* (1975) 44 Cal.App.3d 926, 939 [119 Cal.Rptr. 82].) No such showing was made here.

III

■ Appellants then argue that even if the court did not abuse its discretion in denying leave to amend, judgment on the pleadings was inappropriate, because while Korte may have admitted that his acts were wilful, the pleadings presented a triable issue as to whether he also intended harm or damage to Kim W. They rely on the line of cases which hold that even an act which is "intentional" or "wilful" within the meaning of traditional tort principles does not necessarily exonerate an insurer from liability under Insurance Code section 533, if the resulting damage or injury is not intentional and is unexpected. (See, e.g., *Walters* v. *American Ins. Co.* (1960)

185 Cal.App.2d 776, 783 [8 Cal.Rptr. 665] [wilful act within meaning of section 533 " 'connotes something more blameworthy than . . . ordinary negligence, and something more than the mere intentional doing of an act constituting such negligence' "; if insured acts in self-defense, although he intended the act, he "acted by chance and without a preconceived design to inflict injury just as though he were acting intentionally, although negligently, and injured someone"]; see also *Meyer* v. *Pacific Employers Ins. Co.* (1965) 233 Cal.App.2d 321, 327 [43 Cal.Rptr. 542] [although an act which causes an injury is intentional, if the consequence that is the damage or injury is not intentional and is unexpected, it is accidental in character].)

However, appellants cite no case applying this principle and obligating an insurer to pay for damages resulting from a wilful sexual assault by its insured.[2] In construing exclusionary clauses similar to that in this case, some courts have held that under certain circumstances, the nature of the intentional act of the insured is such that an intent to cause at least some harm can be inferred as a matter of law, and that as long as some harm is intended, it is immaterial that harm of a different magnitude from that contemplated actually resulted. (See Annot., Liability Insurance—Wilful Injury (1965) 2 A.L.R.3d 1238, 1245-1246, and later cases (1983 pocket supp.) pp. 106-107.) We conclude that an act which constitutes a violation of Penal Code section 288 is such an act. ■ One who admits that his conduct violated section 288 has admitted (1) a lewd or lascivious act upon a part of the body (2) of a child under the age of 14 (3) with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of either the perpetrator or the child. (*People* v. *Nothnagel* (1960) 187 Cal.App.2d 219, 225 [9 Cal.Rptr. 519].) ■ Section 288 is intended not just to punish individuals for violating the moral standards of the community, but also to protect infants and children from lewd and lascivious assaults. (*People* v. *Meacham* (1984) 152 Cal.App.3d 142, 156 [199 Cal.Rptr. 586]; *People* v. *Gutierrez* (1978) 80 Cal.App.3d 829, 834-836 [145 Cal.Rptr. 823]; *People* v. *Toliver* (1969) 270 Cal.App.2d 492, 496 [75 Cal.Rptr. 819]; *People* v. *Hobbs* (1952) 109 Cal.App.2d 189, 192 [240 P.2d 411].) Implicit in the determination that children must be protected from such acts is a determi-

---

[2]A contention similar to that raised by appellants was rejected in *Fireman's Fund Ins. Co.* v. *Hill* (Minn. 1982) 314 N.W.2d 834. In that case, the insured had been arrested on charges of criminal sexual conduct with a foster child. The insurer brought an action to determine whether the insured's acts were covered under a homeowner's policy excluding injury "which is either expected or intended from the standpoint of the insured." The insured did not deny the acts; rather, he contended that he did not intend harm and that his actions were the result of his "social and emotional immaturity." The court held that the nature of the insured's conduct was such that an intention to inflict injury could be inferred as a matter of law. The facts indicated inter alia that he intended to engage in sexual play with the boy, even though he knew the welfare department viewed such conduct as detrimental to the boy and would disapprove. (*Id.*, at pp. 834-835.)

nation that at least some harm is inherent in and inevitably results from those acts. As the court stated in *People* v. *Austin* (1980) 111 Cal.App.3d 110 [168 Cal.Rptr. 401], "Significant harm may occur to a child who is caused to engage in or submit to the lustful intendments of a person seeking sexual self-gratification. The range of proscribed potentially harmful acts is limited only by the imagination of the perpetrator. The harm may be manifested in many different mental, emotional and physical ways, leaving a child with possible lasting and debilitating fears." (*Id.*, at pp. 114-115.) ■ Accordingly, we conclude that an act which is a violation of Penal Code section 288 is a wilful act within the meaning of Insurance Code section 533.[3]

In the alternative, even if an insured's admission of conduct violating section 288 does not foreclose a claim that the conduct was not wilful within the meaning of section 533, appellant Korte's answer in this case was fatal to his claim of insurance coverage. That answer failed to raise a material issue or set up affirmative matter constituting a defense. Allstate's complaint alleged that appellant's policy did not provide coverage for his intentional acts. That allegation was sufficient to establish the existence of a controversy between the parties as to Korte's coverage. (See generally *General Ins. Co. of America* v. *Whitmore* (1965) 235 Cal.App.2d 670, 672-673 [45 Cal.Rptr. 556]; see also 39 Cal.Jur.3d, Insurance Contracts, § 542, pp. 877-880 [in insured's action on a contract of insurance, defenses made available to insurer by terms of policy may be pleaded in language of policy].) Appellant Korte's answer effectively admitted that his conduct was intentional. Nowhere in his answer did he allege that although his acts were wilful, their harmful consequences were unexpected, or that he had no intent to harm his victim. He made no request for leave to amend on that ground. *Clemmer* v. *Hartford Insurance Co.* (1978) 22 Cal.3d 865 [151 Cal.Rptr. 285, 587 P.2d 1098] and *Congregation of Rodef Shalom* v. *American Motorists Ins. Co.* (1979) 91 Cal.App.3d 690 [154 Cal.Rptr. 348] are of no assistance to appellants. Those cases do reiterate the principle that an act which is intentional or wilful within the meaning of tort principles will not exonerate an insurer from liability under Insurance Code section 533 unless that act is

---

[3]We have judicially noticed the record in the criminal action referred to in respondent Allstate's complaint. (See Evid. Code, §§ 459, subd. (a), 452, subd. (d).) The complaint in that action charged Korte with various sexual offenses against five children, including Kim W. After he pleaded guilty to a count which involved another child, the remaining counts, including the count involving Kim, were dismissed. However, the fact that Korte was not convicted of violating Penal Code section 288 with Kim as his victim does not alter the impact of his admissions in this case. Respondent's complaint alleged that Korte assaulted Kim and others for his own sexual gratification; we read his answer as an admission that he engaged in conduct with those individuals which included all the elements of a violation of section 288. Whether or not he has actually been convicted of such offenses is irrelevant for purposes of these appeals.

done with a " 'preconceived design to inflict injury.' " (*Clemmer, supra,* 22 Cal.3d at p. 887; *Congregation of Rodef Shalom, supra,* 91 Cal.App.3d at p. 695.) However, both cases involve issues relating to the capacity of the insured to form the requisite intent, rather than the difference between the intent to act and the intent to injure; Korte's answers in this case raised no issue as to his mental capacity.

Accordingly, judgment on the pleadings in favor of Allstate and against Korte was proper.[4]

## IV

Appellant Kim argues that she should not be bound by Korte's admissions. However, we need not reach that issue. As appellants point out, Kim's answer denied, for lack of information and belief, the allegations of Allstate's complaint, including the allegation that Korte's acts constituted a violation of various Penal Code sections. However, Kim also attached to her answer her verified complaint against Korte, which the trial court was entitled to and did judicially notice when it ruled on the motion for judgment on the pleadings. (See *Baillargeon* v. *Department of Water & Power* (1977) 69 Cal.App.3d 670, 676 [138 Cal.Rptr. 338].) In that complaint, Kim alleged that Korte's conduct was intentional and malicious, and done for the purpose of causing her to suffer humiliation, mental anguish, and emotional and physical distress. In other words, Kim's own complaint alleged that Korte's acts were wilful and intentional within the meaning of both the policy exclusion and Insurance Code section 533.

Appellant Kim attempts to avoid the effect of her own pleading by relying on the rule that a party may plead inconsistent defenses, and pointing out that one of her causes of action alleges negligent conduct by Korte. However, while a party may plead separate inconsistent defenses to a complaint, each defense must be consistent in itself. (See *People* v. *Tulare Packing Co.* (1938) 25 Cal.App.2d 717, 730 [78 P.2d 763]; *Poe* v. *Francis* (1933) 132 Cal.App. 330, 335 [22 P.2d 801].) Her purported cause of action for negligence specifically incorporates all the allegations of the two other caus-

---

[4]Recently, in *United States Fid. & Guar. Co.* v. *American Employer's Ins. Co.* (1984) 159 Cal.App.3d 277 [205 Cal.Rptr. 460] the court drew a distinction between the exclusion of Insurance Code section 533 for wilful acts and an express policy exclusion for intentionally caused injury, and stated, inter alia, that the focus of section 533 is on the intention to do the act which causes the damage, rather than the intention to cause the resulting damage. The apparent implication of the court's conclusion that the two exclusions are not identical is that coverage for a single act might be precluded by one exclusion, but not the other. We express no view on that issue. We have concluded that coverage in this case was foreclosed by Insurance Code section 533, and need not discuss or decide whether coverage was necessarily barred by the express policy exclusion as well.

es of action, one of which expressly alleges that the assaults were intentional and for the purpose of causing harm.

In summary, appellant Kim's answer and her pleading in the action against Korte did not raise a material issue or set up affirmative matter constituting a defense to respondent's complaint; on the contrary, those pleadings and appellant Korte's affirmatively established that Allstate was entitled to judgment.

Judgment is affirmed.

White, P. J., and Barry-Deal, J., concurred.

Appellants' petitions for a hearing by the Supreme Court were denied December 19, 1984.