**STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff–Appellee,**

v.

**ESTATE OF Elmer JENNER; Leonard Jenner, as Executor of the Estate of Elmer Jenner, Deceased, Defendants–Appellants.**

No. 87–2153.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 17, 1988.

Orders Feb. 22, 1989 and May 10, 1989.

Opinion May 10, 1989.

Robert A. Smith, Mittleman & Smith, Sonoma, Cal., Alex Reisman, Colman, Reisman & Bourdon, San Francisco, Cal., for defendants-appellants.

Michael J. Brady, Redwood City, Cal., Gail Y. Norton, Ropers, Majeski, Kohn, Bentley, Wagner & Kane, San Francisco, Cal., for plaintiff-appellee.

Before SCHROEDER and WIGGINS, Circuit Judges, and DIMMICK,* District Judge.

## ORDER
### Feb. 22, 1989.

The petition for rehearing is GRANTED. The opinion filed September 8, 1988, is VA-

CATED, and a revised opinion shall be filed.

## ORDER
### May 10, 1989.

The February 22, 1989, order granting Jenner's petition for rehearing and vacating the decision filed September 8, 1988, shall be published. Additionally, the second sentence of the order is amended to state: "The opinion filed September 8, 1988, is vacated, and a new opinion shall be filed."

The suggestion for rehearing en banc is denied as moot. Defendant may file if he chooses a petition for rehearing and a suggestion for rehearing en banc with respect to the opinion filed this date.

## OPINION
WIGGINS, Circuit Judge:

The estate of Elmer Jenner (Estate) appeals the district court's grant of summary judgment in favor of State Farm Fire & Casualty (State Farm). State Farm filed a complaint for declaratory relief seeking a determination that it had no duty to defend or indemnify the Estate against claims for damages caused by Jenner's sexual molestation of a twelve-year-old boy. In granting summary judgment, the district court found that Jenner's actions were willful as a matter of law, or alternatively, that the Estate had failed to present any admissible or credible evidence to refute State Farm's evidence of intent.

We previously reversed the district court in our decision published at 856 F.2d 1359 (9th Cir.1988), but granted the Estate's petition for rehearing and vacated our decision in light of *Fire Ins. Exchange v. Abbott*, 204 Cal.App.3d 1012, 251 Cal.Rptr. 620 (1988), decided while the petition for rehearing was still pending. We now affirm in light of *Abbott* and *State Farm Fire & Casualty Co. v. Abraio*, 874 F.2d 619 (9th Cir.1988).

* Hon. Carolyn R. Dimmick, United States District Judge for the District of Western Washington, sitting by designation.

## FACTS AND PROCEEDINGS BELOW

On September 26, 1985, the Sonoma County District Attorney filed an information against Elmer Jenner, charging him with sexually molesting a then twelve-year-old boy. Specifically, Jenner was charged with three counts of violating California Penal Code section 288(a) and two counts of violating section 288a(c).[1] Jenner pled guilty to all counts on October 27, 1985. Soon afterwards he committed suicide.

On May 30, 1986, the victim, through his guardian ad litem, filed a civil action against the Jenner estate. The complaint sought damages on theories of negligent and intentional tort. Leonard Jenner, as executor, tendered the defense of the action to State Farm. State Farm undertook the defense under a reservation of rights and brought this declaratory judgment action in federal court.

At all relevant times, Jenner was insured under a State Farm mobilehomeowners policy. The policy excluded coverage for "bodily injury or property damage which is expected or intended by the insured." State Farm moved for summary judgment relying on this exclusion and on *Allstate Ins. Co. v. Kim W.*, 160 Cal.App.3d 326, 206 Cal.Rptr. 609 (1984), holding that acts violating section 288 of the California Penal Code are "willful" as a matter of law. *Id.* at 133, 206 Cal.Rptr. at 613. In response, Jenner cited a line of California cases, including *Clemmer v. Hartford Ins. Co.*, 22 Cal.3d 865, 587 P.2d 1098, 151 Cal.Rptr. 285 (1978), holding that an intentional tort only relieves an insurance company of liability if "it is done with a 'preconceived design to inflict injury.'" *Id.* at 887, 587 P.2d at 298, 151 Cal.Rptr. at 297. The Estate argued that Elmer Jenner did not have the subjective intent to harm the victim. The district court granted summary judgment for State Farm on May 12, 1987, and the Estate

timely appealed. We have jurisdiction under 28 U.S.C. § 1291 (1982).

## STANDARD OF REVIEW

This court reviews a grant of summary judgment de novo. *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1477 (9th Cir.1986), *modified*, 810 F.2d 1517 (1987). This de novo standard applies fully to the district court's interpretation of state law. *In re McLinn*, 739 F.2d 1395, 1403 (9th Cir.1984) (en banc).

## ANALYSIS

State Farm based its motion for summary judgment on the express exclusion in its policy for acts "expected or intended" by the insured and on section 533 of the California Insurance Code. Section 533 provides:

> An insurer is not liable for a loss caused by the *wilful act of the insured;* but he is not exonerated by the negligence of the insured, or of the insured's agents or others.

Cal.Ins.Code § 533 (West 1972) (emphasis added). Section 533 is part of every insurance contract and is equivalent to an exclusionary clause. *See State Farm Fire and Casualty Co. v. Bomke*, 849 F.2d 1218, 1219 n. 1 (9th Cir.1988) (applying California law); *Evans v. Pacific Indem. Co.*, 49 Cal. App.3d 537, 540, 122 Cal.Rptr. 680, 682 (1975). Moreover, an exclusion worded like the one in State Farm's policy is identical in meaning and effect with the statutory language. *See Allstate Ins. Co. v. Overton*, 160 Cal.App.3d 843, 849, 206 Cal.Rptr. 823, 827 (1984). This case turns, then, on the proper definition of a "willful" act under section 533.

The parties do not dispute that Elmer Jenner intended to commit the acts complained of. The Estate argues, however, that Jenner did not *intend to harm* the

---

1. Section 288(a) provided in part:
 Any person who shall willfully and lewdly commit any lewd or lascivious act ... upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual de-

 sires of such person or of such child, shall be guilty of a felony....
 Cal.Penal Code § 288(a) (West 1988), *amended by* Cal.Penal Code § 288(a) (West Supp.1989). Section 288a(c) prohibits oral copulation with a person under fourteen.

victim as required by *Clemmer v. Hartford Ins. Co.*, 22 Cal.3d 865, 587 P.2d 1098, 151 Cal.Rptr. 285 (1978) (insurer not exonerated from liability under section 533 unless insured acted with a "preconceived design to inflict injury"). The Estate presented doctors' declarations alleging that Jenner was a pedophile and considered the sexual contact to be part of a caring, nurturing relationship and thus he could not have intended to harm the victim. State Farm counters that under *Allstate Ins. Co. v. Kim W.*, 160 Cal.App.3d 326, 206 Cal. Rptr. 609 (1984), acts violating section 288 of the California Penal Code are "willful" as a matter of law.

In our previous opinion we interpreted *Kim W.* and this court's decision in *Allstate Ins. Co. v. Gilbert*, 852 F.2d 449 (9th Cir.1988), as holding that "acts in violation of section 288 are willful as a matter of law *unless* the insured presents credible evidence that he did not intend to harm his victim." *Jenner*, 856 F.2d at 1365 (emphasis in original). Because the Estate had presented such evidence, we reversed the district court's grant of summary judgment in favor of State Farm and remanded the case for further proceedings. *Id.* While the Estate's petition for rehearing and suggestion for rehearing en banc was still pending, *Fire Ins. Exchange v. Abbott*, 204 Cal.App.3d 1012, 251 Cal.Rptr. 620 (1988) was decided. The court in *Abbott* rejected our analysis and explicitly held that an act in violation of section 288 creates an inference of an intent to injure that may not be overcome by evidence of a subjective lack of intent to harm. *Id.* at 1027–29, 251 Cal.Rptr. at 630–31. We granted the Estate's petition for rehearing and vacated our previous decision in light of *Abbott* on February 22, 1989. *State Farm & Casualty Co. v. Estate of Jenner*, supra, No. 87–2153 (9th Cir.1989) (order granting petition for rehearing and vacating decision), *amended* No. 87–2153 (9th Cir. May 10, 1989).

Following our order vacating this case another panel of this court considered a case involving facts virtually identical to those in this case. *State Farm & Casualty Co. v. Abraio,*, 874 F.2d 619 (9th Cir. 1989). The panel in *Abraio* concluded that under *Abbott*, the presumption of intent to harm is irrebuttable. *Id.* at 623. We agree with the analysis in *Abraio* and conclude that the district court properly granted summary judgment in favor of State Farm.

We reject the contention that the decision in *Kim W.* and *Abbott* are irreconcilable with *Clemmer* because they focused on the inevitability of harm, rather than the actual intent of the perpetrator. *Kim W.* and *Abbott* did not dispense with the subjective intent to harm requirement in all cases, but held only that as a policy matter, such intent to harm may be presumed from admitted violations of section 288. *Clemmer* did *not* forbid the use of presumptions in some cases to establish specific intent. *See Abbott*, 204 Cal.App.3d at 1024, 251 Cal. Rptr. at 627–28. Further, *Clemmer* was not a child molestation case. *See id.*, 251 Cal.Rptr. at 628. As this court has noted, unlike a crime such as assault and battery or homicide, child molestation cannot be committed negligently or in self-defense. *See Gilbert*, 852 F.2d at 452.

## CONCLUSION

Under *Kim W.* and *Abbott*, acts in violation of section 288 create an inference of an intent to injure and are thus willful as a matter of law. This inference may not be overcome by evidence offered to prove a lack of intent to harm. The Estate does not dispute that Jenner intended to commit the acts in issue. Jenner's conduct was therefore willful under section 533 and excluded under the policy. Accordingly, we AFFIRM the district court's grant of summary judgment in favor of State Farm.

AFFIRMED.