943 F.2d 1100
 STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff-Appellant,
v.
Ronald J. NYCUM, Jo Ellen Kauble, Norm Kauble, and Jo Ellen
Kauble and Norm Kauble as guardian ad litem for
Jaime N. Kauble, a minor, Defendants-Appellees.
 No. 90-15706.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 13, 1991.
Decided Aug. 29, 1991.
 
 Gail Y. Norton, Ropers, Majeski, Kohn, Bentley, Wagner & Kane, San Francisco, Cal., for plaintiff-appellant.
 Patrick J. Borchers and Judy H. Hersher, Downey, Brand, Seymour & Rohwer, Sacramento, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of California.
 Before HUG, SCHROEDER and WIGGINS, Circuit Judges.
 WIGGINS, Circuit Judge:
 
 
 1
 State Farm Fire & Casualty Company appeals the district court order denying its motion for summary judgment and granting summary judgment in favor of the Kaubles in this declaratory judgment action. State Farm filed this suit seeking a declaration that it was not required to indemnify its insured, Ronald Nycum, for damages awarded against him in favor of Jaime Kauble and her parents. The district court granted the Kaubles' motion for summary judgment and denied State Farm's cross-motion. The district court had jurisdiction under 28 U.S.C. §§ 2201 and 1332(a)(1). We have jurisdiction over this timely appeal under 28 U.S.C. § 1291, and we affirm.BACKGROUND
 
 
 2
 This case is a dispute over whether State Farm is required to indemnify its insured, Ronald Nycum, for damages awarded against him in a civil action brought by the Kaubles. The civil action alleged that Nycum touched the Kauble's three-year-old daughter Jaime in the anal or vaginal area at a time when Jaime was at a child-care center in Nycum's home. Nycum tendered the defense of the action to State Farm under his general Homeowner's Policy. State Farm agreed to provide for Nycum's defense, but reserved its right to assert a noncoverage defense later.
 
 
 3
 The underlying action was tried before a jury in California Superior Court in Sacramento. Because of the potential conflict of interest between State Farm and Nycum, separate counsel were retained for each party; Nycum's personal attorney actually handled the defense at trial. The case went to the jury on theories of both intentional (i.e. assault and battery) and negligent liability as to Jaime, and intentional and negligent infliction of emotional distress as to Mr. and Mrs. Kauble. The jury returned a general verdict awarding $50,000 to Jaime, $20,000 to Mrs. Kauble, and $5,000 to Mr. Kauble. The jury also awarded the Kaubles nearly $12,000 in costs.
 
 
 4
 Shortly before the underlying action went to trial, State Farm filed this diversity action in federal court seeking a declaration that it was not required to indemnify Nycum for any damages that might result from the underlying action. State Farm's complaint alleged that coverage for any such damages was excluded both by the terms of the policy[1] and by California Insurance Code § 533.[2] The parties filed cross motions for summary judgment, and the district court ruled from the bench following a hearing on the motions. The court ruled that the Kaubles met their initial burden of showing that the touching was negligent, and therefore that the damages were covered. The court then shifted the burden to the insurance company to show that an exclusion applied. Finding that State Farm failed to show that the insured's conduct was not negligent, i.e. that it was willful, the court granted the Kauble's motion and denied State Farm's. This appeal followed.
 
 
 5
 Before discussing the legal issues raised by this appeal, we think it is important to specify the nature of the act involved in the underlying action. As in most cases where there is an allegation of molestation, here there were only two sources of information, the victim and the alleged molester. Three-year-old Jaime told her mother that Nycum "had touched her 'bottom' with a finger, and that it 'hurt' or felt 'bad.' " The record does not contain any medical evidence relating to these allegations. Nycum denied touching Jaime at all, and he has not been convicted or charged with criminal molestation.
 
 
 6
 State Farm repeatedly asserts that this case involves the "digital anal or vaginal penetration" of Jaime by Nycum. That assertion is not supported by the record; the only evidence concerning the act are Jaime's statements to her mother. Those statements establish only that Jaime was touched. State Farm also argues that because Nycum denied touching Jaime at all, and because the jury found against Nycum, it must necessarily have found that he in fact penetrated the girl. The Company argues that such penetration must have been intentional.
 
 
 7
 While we are inclined to agree that a finding of penetration would necessarily imply a finding of intent to molest, State Farm is wrong to argue that the jury must have found penetration in this case. The jury was instructed on a negligence theory, and it is entirely plausible that the jury found that Nycum negligently touched Jaime; State Farm's insistence that this is a case of sexual child molestation does not make it so. The distinction, then, between "molestation" and a mere "touching" is an important one, and indeed, in this case, it is dispositive. We will therefore characterize the act at issue as a touching, as to call it molestation would be to go beyond the record.[3] We now turn to the merits.
 
 DISCUSSION
 
 8
 We review the district court's grant of summary judgment and its interpretation of state law de novo. State Farm Fire and Cas. Co. v. Estate of Jenner, 874 F.2d 604, 606 (9th Cir.1989).
 
 
 9
 * As an initial matter, the parties dispute in their opening briefs whether State Farm, having agreed to provide for Nycum's defense in the underlying action, adequately reserved its right later to assert a noncoverage defense. The Kaubles, apparently in reliance upon the district court's statement that "[t]he insurance company is bound by the finding of negligence in the underlying action," argue that State Farm may not now assert a noncoverage defense. In light of the California Supreme Court's recent decision in J.C. Penney Cas. Ins. Co. v. M.K., 52 Cal.3d 1009, 278 Cal.Rptr. 64, 804 P.2d 689 (1991), however, there can be no doubt that State Farm has the right to contest coverage in this matter. In J.C. Penney, the Court stated the following rule, which it claimed "has long been the established law of California":
 
 
 10
 [I]f the insurer adequately reserves its right to assert the noncoverage defense later, it will not be bound by the judgment. If the injured party prevails, that party or the insured will assert his claim against the insurer.... At this time, the insurer can raise the noncoverage defense previously reserved.
 
 
 11
 Id., 278 Cal.Rptr. at 67, 804 P.2d at 692. The dispute regarding the preclusive effect of the underlying action has been resolved in favor of State Farm, and the Company has the right to assert its noncoverage defense.[4]
 
 II
 
 12
 Both before the district court and on appeal, State Farm's primary argument in support of its position that it has no duty to indemnify Nycum is that "it is against the public policy of [California] to permit insurance policies to respond to civil suits arising out of the sexual molestation of children." State Farm relies upon both the language of Insurance Code § 533 and the case law interpreting it.[5] Typical of the language State Farm cites in support of this argument is the following:
 
 
 13
 [U]nder certain circumstances, the nature of the intentional act of the insured is such that an intent to cause at least some of the harm can be inferred as a matter of law.... [W]e conclude that an act which constitutes a violation of Penal Code Section 288 is such an act.... [W]e conclude that an act which is a violation of Penal Code Section 288 is a wilful act within the meaning of Insurance Code Section 533.
 
 
 14
 Allstate Ins. Co. v. Kim W., 160 Cal.App.3d 326, 332-33, 206 Cal.Rptr. 609 (1984).[6] While State Farm at one point argues that Nycum's behavior constitutes criminal sexual molestation, there is no support in the record for such an assertion, and in any case its true position is that the precise nature of the act is irrelevant to the question of coverage. We quote from the Company's brief to this Court:
 
 
 15
 It is the allegation of sexual misconduct with a minor which is dispositively preclusive of coverage; whether that act is ultimately proved to have occurred, on the other hand--whether by criminal plea or conviction, or by civil admission, stipulation or, as in this case, civil judgment--is substantively immaterial.
 
 
 16
 Brief at 17. State Farm's argument, then, is that the mere allegation of sexual molestation, regardless of the alleged molester's state of mind, precludes coverage as a matter of law.
 
 
 17
 Before the California Supreme Court's recent decision in J.C. Penney, there was simply no support for State Farm's position. Section 533, upon which the argument is based, clearly distinguishes between willful and negligent acts; willful acts are not covered, while negligent ones are. As with the above quotation from Kim W., each of the cases cited by State Farm involved either a criminal conviction for sexual molestation (which, because the crime requires proof of intent, provides the necessary evidence of willfulness under § 533), or an admission or stipulation that the touching was willful. See, for example, Kim W., 160 Cal.App.3d at 332, 206 Cal.Rptr. 609 (intent to molest established by conviction under Cal.Penal Code § 288); Fire Ins. Exchange v. Abbott, 204 Cal.App.3d 1012, 1027-29, 251 Cal.Rptr. 620 (1988) (same); Allstate Ins. Co. v. Gilbert, 852 F.2d 449, 452 (9th Cir.1988) (same); State Farm Fire and Cas. Co. v. Estate of Jenner, 874 F.2d 604, 607 (9th Cir.1989) (same); State Farm Fire and Cas. Co. v. Abraio, 874 F.2d 619, 622-23 (9th Cir.1989) (coverage precluded by § 533 where insured admitted that he acted willfully); Merced Mutual Ins. Co. v. Mendez, 213 Cal.App.3d 41, 48, 261 Cal.Rptr. 273 (1989) (same). In each of these cases, the court held that coverage was precluded as a matter of law under § 533 because willfulness was conclusively established.
 
 
 18
 J.C. Penney, however, appears to add new support to State Farm's argument. The Company points to a footnote that might be construed to mean that damages arising from allegations of child molestation are not insurable as a matter of law. After noting that the insured in both Kim W. and the instant case had admitted that the touching was intentional molestation, the California Supreme Court wrote:
 
 
 19
 Because we agree, however, with the Kim W. court that child molestation is willful as a matter of law under section 533, we do not base our decision on the insured's admissions of wrongdoing. Neither an admission by the insured nor a criminal conviction is necessary to give rise to the exclusion under section 533.
 
 
 20
 J.C. Penney, 278 Cal.Rptr. at 73 n. 13, 804 P.2d at 698 n. 13. State Farm argues that this passage confirms the preexisting rule that there is no duty to indemnify or even to defend suits alleging sexual molestation.
 
 
 21
 State Farm's argument, however, is inconsistent with the wording of § 533 and ignores the context in which the Supreme Court's statement must be understood. As we have noted, State Farm's position would effectively nullify the distinction drawn by § 533 between willful and negligent acts, a result we will not reach absent a clear indication that the California Supreme Court intended it.[7] Moreover, the statement that the Court "agree[s] with Kim W. that child molestation is willful as a matter of law" refers only to the sort of behavior that was at issue in Kim W., namely criminal child molestation.
 
 
 22
 As we read it, then, this passage from J.C. Penney means only that allegations of child molestation that are accompanied by proof of willfulness--whether by criminal conviction, stipulation or otherwise--are presumed to be willful as a matter of law, and hence are excluded from coverage by § 533. It follows that once the insurer shows that the touching was intentional molestation, the insurer need not make any additional showing. J.C. Penney does not, however, relieve the insurer of its initial burden of showing that the act was intentional molestation. Accordingly, we reject State Farm's argument that the mere allegation of sexual molestation precludes coverage as a matter of law.
 
 III
 
 23
 State Farm next argues that when there is an allegation that a person touched a child in the anal/genital area, California law presumes that the touching was with the intent to molest, and § 533 therefore precludes the insurer from indemnifying the insured.[8] Again, State Farm points to language from J.C. Penney to support its argument:
 
 
 24
 There is no such thing as negligent or even reckless child molestation. The very essence of child molestation is the gratification of sexual desire. The act is the harm. There cannot be one without the other. Thus, the intent to molest is, by itself, the same as the intent to harm.
 
 
 25
 Id., 278 Cal.Rptr. at 70, 804 P.2d at 695. While at first blush this language appears to support State Farm's position, the Company has failed to account for the context in which the statement was made.
 
 
 26
 The key to understanding J.C. Penney is to recognize that the Court was really dealing with two distinct levels or types of intent. As the Court made clear at the outset, there was no question that the insured intended to molest the child. The insured, however, relying on the California Supreme Court's decision in Clemmer v. Hartford Insurance Co., 22 Cal.3d 865, 151 Cal.Rptr. 285, 587 P.2d 1098 (1978), argued that in order to avoid coverage, J.C. Penney needed to show that the insured intended to harm the child as well. In other words, having admitted an intent to molest, the insured denied any intent to harm, and argued instead that "his repeated debauchery of the child was merely a misguided attempt to show love and affection for her." J.C. Penney, 278 Cal.Rptr. at 65, 804 P.2d at 690.
 
 
 27
 Considered in this context, then, the Court's statements about the inherently harmful nature of child molestation do not foreclose the possibility that a child might be touched in an accidental or negligent manner; rather, the opinion stands for the proposition that once an insurer has shown that there was an intent to molest, it does not have to make a further showing establishing an intent to harm.[9]
 
 
 28
 The following passage from J.C. Penney is not to the contrary: "Section 533 precludes coverage in this case because child molestation is always intentional, it is always wrongful, and it is always harmful." Id., 278 Cal.Rptr. at 73, 804 P.2d at 698 (emphasis in original). In light of the Court's reaffirmation of the distinction drawn by § 533 between willful and negligent damages, this statement can only be understood to mean that the behavior involved in that case--criminal child molestation--is always intentional, wrongful and harmful. A contrary interpretation would establish the bizarre principle that, at least in civil cases where the plaintiff recovers based on the alleged touching of a child in the anal or genital area, courts must conclusively presume that the touching was intentional child molestation. Such a position is both illogical and contrary to California law. We therefore reject State Farm's second legal argument as well.
 
 IV
 
 29
 Having rejected State Farm's two legal arguments, the question then becomes whether the district court properly concluded that State Farm did not raise a genuine factual question as to whether or not Nycum's touching of Jaime was willful. On appeal, State Farm argues that the underlying judgment itself provides sufficient evidence of intent to raise such a factual dispute. It contends that because the complaint was based on the digital anal or vaginal penetration of Jaime, and because Nycum denied touching Jaime at all, the finding of liability necessarily implies a finding that such penetration occurred. State Farm further argues that such penetration could only be intentional.
 
 
 30
 As an initial matter, we note that this argument misrepresents the record. The only act common to each of the allegations was the touching of Jaime. The mere fact that Nycum denied ever touching her does not eliminate the possibility that the jury found that the touching was negligent or accidental.
 
 
 31
 More to the point, State Farm's argument that the general verdict indicates a finding of intent is simply wrong. Indeed, both parties claim that the general verdict conclusively establishes their case--the Kaubles argue that the verdict means that the jury found negligence, and State Farm contends that it represents a finding of intent.[10] In fact, however, both parties are wrong; the problem with a general verdict form is that a reviewing court cannot know what the jury found. All we can say on review is that the jury, having been instructed on different theories, might have found either negligence, or intentional harm, or both. It was the responsibility of the parties to argue before the district court which of these theories has support in the record.
 
 
 32
 In this case, the district court reviewed the evidence, and concluded that it supported a finding of negligence. The court then shifted the burden to State Farm to show that the evidence in the underlying trial could only support intentional molestation, and concluding that the company failed to meet that burden, granted summary judgment for the Kaubles. The question before us is whether the judge correctly ruled that State Farm failed to raise a genuine factual issue regarding intent or willfulness.
 
 
 33
 The only evidence before the district court was a declaration from the Kaubles' attorney summarizing the trial testimony. In its opposition to the Kaubles' motion for summary judgment, State Farm did not argue that the evidence raises a genuine factual question relating to Nycum's intent to molest Jaime.[11] Rather, State Farm has consistently attempted to portray this as an undisputed case of digital anal or vaginal penetration, and then argued that coverage for such an act is precluded as a matter of law; the Company, convinced that it was entitled to win as a matter of law, made no attempt to persuade the district court that intent was in issue. Accordingly, having rejected State Farm's legal arguments, and finding that State Farm failed to raise a genuine factual dispute, we affirm the district court's rulings on the cross-motions for summary judgment.
 
 
 34
 Our discussion thus far relates only to the damages awarded to Jaime, that is, to those arising directly from the touching itself. The jury also awarded damages to Jaime's parents--$20,000 to her mother, and $5,000 to her father. The jury was instructed on theories of both intentional and negligent infliction of emotional distress, and these damages too were awarded on general verdicts in favor of the individual parents. State Farm argues that these damages were merely derivative of Nycum's intentional, uninsured act in touching Jaime, and thus are themselves not insurable under § 533. Because we conclude that State Farm did not raise a factual issue regarding intent, we also affirm the district court's ruling as it relates to the damages awarded to the parents.
 
 CONCLUSION
 
 35
 State Farm has really made two separate arguments throughout the entire course of this litigation. First, it argues that the act involved in this case--what it characterizes as the digital anal or vaginal penetration of Jaime by Nycum--was necessarily intentional, and hence coverage is precluded by § 533. At the same time, State Farm contends that the nature of the act is immaterial, and that the exclusion applies simply on the basis of the allegation of sexual molestation.
 
 
 36
 In fact, however, § 533 only precludes coverage for acts that are determined to be willful. Because State Farm has offered no evidence to suggest that the touching in question was intentional molestation, and because the general verdict could have been based upon a finding of negligent touching, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 State Farm relies upon two main provisions of the policy. First, the policy only covers damage caused by an "occurrence," which is defined to mean "an accident ... resulting in bodily injury...." Second, the policy expressly excludes from coverage "bodily injury ... which is either expected or intended by an insured...." State Farm contends that the damages awarded in the underlying action are not covered by the policy because Nycum either intended, or is conclusively presumed to have intended, the damage suffered by the Kaubles
 
 
 [2]
 California Insurance Code § 533 reads in its entirety:
 An insurer is not liable for a loss caused by the wilful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others.
 Cal.Ins.Code § 533.
 
 
 [3]
 When we do use the term "sexual" or "child molestation," it is in the context of discussing State Farm's arguments concerning cases where there is an allegation of such molestation. We wish to clarify at the outset what will become apparent in the discussion that follows; namely, that this would be a very different case if we had proof, and not the mere allegation, of molestation
 
 
 [4]
 Despite the district court's statement that State Farm "is bound by the finding of negligence in the underlying action," it nonetheless permitted the Company to raise the noncoverage defense it had reserved. See Part IV below
 
 
 [5]
 State Farm also relies upon the policy language referred to in footnote 1 above. As the Court in J.C. Penney made clear, however, the policy provisions are irrelevant when § 533 bars coverage. J.C. Penney, 278 Cal.Rptr. at 69 n. 8, 804 P.2d at 694 n. 8. Lacking any indication that the policy exclusions extend to damages not precluded by § 533, our discussion will focus only on that section
 
 
 [6]
 Section 288 defines the crime of lewd and lascivious acts with a child under the age of 14. In addition to the physical act, § 288 requires proof that the defendant acted "with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of the child." Cal. Penal Code § 288
 
 
 [7]
 And indeed, the Court reaffirmed the viability of this distinction: "In short, section 533 does not preclude coverage for acts that are negligent or reckless." J.C. Penney, 278 Cal.Rptr. at 70, 804 P.2d at 695
 
 
 [8]
 While this argument is very similar to State Farm's first argument, it differs in this respect: whereas the Company first argues that the issue of intent is irrelevant to the question of coverage, that is, that the mere allegation of molestation invokes § 533's preclusive effect, the Company now argues that while proof of intent is required, that element is conclusively presumed. Again, it is a fine distinction, but it has some support in the cases, and so we treat the two arguments separately
 
 
 [9]
 Our interpretation of J.C. Penney is consistent with the one California Court of Appeals case discussing it:
 [J.C. Penney ] reiterated the familiar holding that since the sexual molestation of a child is inherently harmful, Insurance Code section 533 as a matter of law prohibits the molester from obtaining liability insurance coverage for his or her molestation acts. [citing Kim W.] Because of this inherent harmfulness, added the J.C. Penney court, the molester's subjective intent to harm is irrelevant.
 National Union Fire Ins. Co. v. Lynette C., 228 Cal.App.3d 1073, 279 Cal.Rptr. 394 (1991), as amended at 1991 Cal.App. LEXIS 362 (emphasis added), review denied, 1991 Cal. LEXIS 2720 (1991). As the highlighted passages make clear, J.C. Penney held that the insurer does not have to prove an intent to harm; it did not change the requirement that the insurer must first prove an intent to molest.
 
 
 [10]
 The parties cite the same cases in support of these contentions. See Travelers Ins. Co. v. Lesher, 187 Cal.App.3d 169, 231 Cal.Rptr. 791, 803 (1986); Codekas v. Dyna-Lift Company, 48 Cal.App.3d 20, 121 Cal.Rptr. 121, 124 (1975). Far from supporting either party, these cases stand for the proposition that, when analyzing a challenge to the sufficiency of the evidence in a case where a general verdict was returned, a reviewing court is to presume that the jury found liability under any theory that went to the jury and that is supported by substantial evidence. As we discuss, that is precisely what the district court did in the instant case
 
 
 [11]
 There is nothing to prevent State Farm, having argued in its motion for summary judgment that there were no genuine factual disputes, from maintaining in its opposition to the Kaubles' motion that intent was in issue. Indeed, that is precisely what State Farm should have done; in the event the district court rejected the legal arguments upon which its motion was based, it would then have been able to argue that genuine factual questions precluded the entry of summary judgment in favor of the Kaubles. Their failure to do so left the district court no option but to grant the Kaubles' motion for summary judgment