956 F.2d 275
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STATE FARM FIRE AND CASUALTY COMPANY,
Plaintiff/counter-defendant/Appellee,
v.
Robert Sanders BAER, Defendant/Counter-claimant/Appellant.
STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff-Appellee,
v.
Robert Sanders BAER, Defendant,
and
Arthur Eric Dahlstrom; Hilda Ives; the Estate of Dareen
Danae Dahlstrom, Defendants-Appellants.
 Nos. 90-16497, 90-16521.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1991.
Decided Feb. 28, 1992.
 
 Before HUG, CYNTHIA HOLCOMB HALL and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Robert Baer and the Dahlstrom family appeal the district court's order granting summary judgment to appellee State Farm Fire and Casualty Company ("State Farm") in this action for declaratory relief. For the reasons explained below, we affirm the district court's order.
 
 I.
 
 3
 On July 23, 1988, Robert Baer administered the drug "ecstasy" to his friend, Dareen Dahlstrom, who was visiting him for the weekend. Dareen died as a result of taking the drug. Dareen's family filed a wrongful death action against Baer in state court. Baer had a homeowner's insurance policy with State Farm. State Farm filed an action for declaratory relief in federal court, claiming that Baer's conduct was not covered by State Farm because both public policy and the coverage of the insurance policy itself precluded coverage. Both Baer and Dahlstrom's family opposed the action. The district court granted summary judgment for State Farm, holding that California Civil Code § 1668 and Insurance Code § 533 prohibited coverage.[1]
 
 
 4
 In addition, Dahlstrom's family argues that State Farm must provide indemnification because Baer negligently failed to call for medical help in time, and this conduct constitutes an independent concurrent cause of Dareen's death.
 
 
 5
 We have jurisdiction over this diversity action under 28 U.S.C. § 1232 and 28 U.S.C. § 1291.
 
 
 6
 We review a grant of summary judgment de novo. State Farm Fire & Cas. Co. v. Abraio, 874 F.2d 619 (9th Cir.1989). The district court's interpretation of state law is also reviewed de novo. Id. In reviewing a grant of summary judgment, we must determine whether the district court properly applied the relevant substantive law and whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact. Tzung v. State Farm Fire & Cas. Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 7
 California's substantive law governs this case. Abraio, 874 F.2d at 621. When the state supreme court has not ruled definitively on a point we look to decisions by intermediate appellate state courts for guidance. Id. We will follow those decisions unless there is convincing evidence that the supreme court would decide differently. Id.
 
 II.
 
 8
 The district court concluded that section 533 precluded coverage in Baer's case because of ecstasy's physiological and neurological effects. We agree.
 
 
 9
 Section 533 of the California Insurance Code provides: "An insurer is not liable for a loss caused by the wilful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others."
 
 
 10
 Section 533 does not necessarily preclude coverage for an intentional act. The "wilful act" referred to in section 533 means more than an intentional act resulting in negligence or recklessness. J.C. Penney Cas. Ins. Co. v. M.K., 804 P.2d 689 (Cal.), cert. denied, 112 S.Ct. 280 (1991). Moreover, that an act is illegal does not exempt it from coverage under section 533. See id. at 694-95. However, when an intent to harm can be inferred from an intent to act, section 533 prohibits coverage. Id. In J.C. Penney, the insured denied any intent to harm a child whom he had molested. Id. The court concluded that there was no coverage as a matter of law because "[n]o rational person can reasonably believe that sexual fondlings, penetration, and oral copulation of a five-year-old child are nothing more than acts of tender mercy." Id. at 693. The court explained:
 
 
 11
 [I]nevitable harm gets to the heart of the matter before us. Some acts are so inherently harmful that the intent to commit the act and the intent to harm are one and the same. The act is the harm. Child molestation is not the kind of act that results in emotional and psychological harm only occasionally. The contrary view would be absurd.
 
 
 12
 Id. at 698.
 
 
 13
 No court since J.C. Penney has addressed the issue of whether indemnification for illegally administering drugs is against public policy. Two courts, however, applying J.C. Penney's inherently harmful standard, have found insurance coverage precluded in other contexts. See Fire Ins. Exchange v. Altieri, 1 Cal.Rptr.2d 360 (Cal.App.1991); State Farm Fire & Cas. Co. v. Ezrin, 764 F.Supp. 153 (N.D.Cal.1991). In Altieri the California Court of Appeal held that punching someone in the face was inherently harmful, and therefore was not covered by the insurance policy. Altieri, 1 Cal.Rptr.2d 360. Similarly, in Ezrin a district court held that sexual assault was inherently harmful and could not be covered by an insurance policy. Ezrin, 764 F.Supp. at 156.
 
 
 14
 Thus, the primary issue is whether administering the drug ecstasy is inherently harmful. We hold that the unlawful administration of a controlled substance such as ecstasy is so inherently harmful that the intent to commit the act is equivalent to the intent to harm the person. Baer has admitted that ecstasy causes an increased heart rate, increased body temperature and anxiety, among other side effects. These harmful side effects do not occur only occasionally. Therefore, in applying J.C. Penney to this situation, we conclude that Baer's administration of the drug to Doreen was equivalent to an intent to harm her.
 
 
 15
 Although ecstasy does not inevitably result in death, an insured may not receive coverage when he intended some harm, even if he did not intend all of the resulting harm. See State Farm Fire & Cas. Co. v. Abraio, 874 F.2d 619 (9th Cir.1989); Allstate Ins. Co. v. Kim W., 206 Cal.Rptr. 609, 613 (Cal.App.1984). Here, Baer did not intend for Dareen to die, but he did intend for her to experience the harmful side effects of ecstasy. Section 533 therefore precludes coverage.
 
 III.
 
 16
 We also hold that any negligence by Baer in failing to call for medical help earlier was not separate and different from his intentional administration of ecstasy. When a negligent act, separate, distinct, and different from an intentional act, causes an accident, the insurer is liable if the separate negligent act is covered even if the intentional act is not covered. See State Farm Mut. Ins. Co. v. Partridge, 514 P.2d 123 (Cal.1973). However, any negligence by Baer in failing to call for medical help earlier was not independent of his providing the ecstasy to Dareen. If someone other than Baer had given Dareen the ecstasy, Baer could not have been held liable for Dareen's death. This is because
 
 
 17
 [g]enerally, "[a] person who has not created a peril is ordinarily not liable in tort merely for failure to take affirmative action to assist or protect another, no matter how great the danger in which the other is placed, or how easily he could be rescued, unless there is some relationship between them which gives rise to a duty to act."
 
 
 18
 Aim Ins. Co. v. Culcasi, 280 Cal.Rptr. 766, 768 (Cal.App.1991) (quoting 6 Witkin, Summary of Cal.Law (9th ed. 1988)). Baer's actions regarding the call for help could not be considered negligent unless he had provided the ecstasy. Thus, any negligence by Baer is inextricably linked to providing the ecstasy and is therefore not an independent negligent act.
 
 IV.
 
 19
 Dispensing ecstasy is inevitably harmful. Therefore, Baer necessarily intended to harm Dareen Dahlstrom, and section 533 precludes coverage by State Farm. Any negligence by Baer in failing to call for help sooner was not an independent negligent cause of Dareen's death.
 
 
 20
 The judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court did not reach the issue of the insurance policy's coverage. We need not reach that question either