[Civ. No. 14361. Third Dist. June 27, 1975.]

WILLIAM H. EVANS et al., Plaintiffs and Appellants, v.
PACIFIC INDEMNITY COMPANY, Defendant and Respondent.

538

**COUNSEL**

Stanley Sedor, Watt, Leverenz & Ward and Reginald M. Watt for Plaintiffs and Appellants.

Robert E. Friedrich, Marvin A. Jacobs and Jay R. Marshall for Defendant and Respondent.

**OPINION**

**PARAS, J.**—This is an appeal by plaintiffs from a judgment for defendant after trial by the court. The judgment decreed that plaintiffs, who were insured under a comprehensive liability insurance policy by defendant company, were not entitled to coverage for money damages awarded to one Edwin A. Rader in his tort action against plaintiff William H. Evans.

Plaintiffs, as husband and wife, owned and operated a tavern in Butte County. The insurance policy covered, inter alia, liability to pay damages for bodily injury. While it was in force, a fight occurred on the premises of the tavern during the course of which plaintiff William H. Evans inflicted serious bodily injuries upon Edwin A. Rader. Evans was criminally prosecuted and was convicted of assault upon Rader by means of force likely to produce great bodily harm, in violation of subdivision (a) of section 245 of the Penal Code.

Rader then filed a civil action for damages against William H. Evans for assault and battery, and obtained judgment for $25,500 plus $470 costs. During and after the tort action, the company formally disclaimed

any liability under its insurance policy for any judgment rendered.[1] After judgment and after the company had refused Evans' demand for payment of the judgment, plaintiffs filed the instant action to recover the amount of the judgment and costs.

One of the undisputed findings of the trial court in the instant case was that Evans' battery upon Rader was a wilful and intentional act, that Evans intended the harm that resulted therefrom, and that the tort judgment was based upon such conduct. Accordingly, the court concluded that under the provisions of section 533 of the Insurance Code, defendant was not liable to plaintiffs for the amount of the tort judgment. That statute provides: "An insurer is not liable for a loss caused by the wilful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others."

I

On appeal, plaintiffs contend that since the insurance policy in this case was denominated a "comprehensive liability policy," it was incumbent upon the company to set forth in the policy the exclusion of liability for wilful acts of the insured. Plaintiffs argue that a layman would not know of the provisions of section 533 of the Insurance Code unless the company informed him of them, and they refer to the rule that an insurance policy should be interpreted as a layman would read it. (See, e.g., *Otter* v. *General Ins. Co.* (1973) 34 Cal.App.3d 940, 949 [109 Cal.Rptr. 831].) We have no quarrel with this rule, but it is a rule for construction of the actual language of a policy, not a rule governing the applicability of statutory exclusions from liability. The rule relating to statutory exclusions from insurance policies, and in particular with respect to section 533 of the Insurance Code, is well settled. Section 533 of the Insurance Code is a part of every insurance contract and is equivalent to an exclusionary clause in the contract itself. (*Nuffer* v. *Insurance Co. of North America* (1965) 236 Cal.App.2d 349, 356 [45 Cal.Rptr. 918]; *Maxon* v. *Security Ins. Co.* (1963) 214 Cal.App.2d 603, 615 [29 Cal.Rptr. 586].)

There is no basis in the record upon which plaintiffs can successfully claim that defendant was estopped to assert the defense of section 533,

---

[1]The company furnished defense counsel for Evans in the tort action, but expressly reserved its rights and did not waive its disclaimer of liability for any judgment arising from the action.

because defendant did nothing, either before or after issuance of the policy, intended to cause plaintiffs to believe they were covered for wilful acts. Moreover, there were no statements or acts by the defendant after the wrongful act to cause an estoppel and prevent the application of section 533 of the Insurance Code. (Cf. *Tomerlin* v. *Canadian Indemnity Co.* (1964) 61 Cal.2d 638, 648 [39 Cal.Rptr. 731, 394 P.2d 571].)

## II

Plaintiffs next contend that section 533 of the Insurance Code should not apply to liability insurance policies at all. At the urging of both parties in their excellent briefs on the subject, we have considered the historical background of insurance development generally and of section 533 of the Insurance Code in particular. It is significant that the first clause of section 533 of the Insurance Code, providing that an insurer is not liable for a loss caused by the wilful act of the insured, has remained absolutely unchanged since its first enactment as section 2629 of the 1872 Civil Code. (See History and Development of Insurance Law in California, Introduction to West's Cal. Ins. Code, p. XLI.) An amendment in 1873 made no change in the provisions with which we are here concerned. There were no other amendments. The provision was placed into the Insurance Code unchanged in 1935, and it has remained unamended in the succeeding years. In this long span of time, many changes have taken place in types and forms of insurance and the Legislature was aware of these. Having made no changes in the law in question, the Legislature obviously intended it to continue to apply in accordance with its clear and unambiguous wording. We follow the statute's plain meaning and do not indulge in extraneous aids, which are necessary only when there is uncertainty and ambiguity. It has been said that there is no rule of statutory construction and application which is better settled. (See 2A Sutherland, Statutory Construction (4th ed.) § 46.01, pp. 48-49.) Provisions of the Insurance Code are no exception to this rule. (*Caminetti* v. *Pacific Mut. Life Ins. Co.* (1943) 22 Cal.2d 77, 344, 386 [136 P.2d 779].)

Section 533 of the Insurance Code reflects the very sound and long standing public policy (also contained in Civ. Code, § 1668) which disapproves of contracts which directly or indirectly exempt anyone from personal responsibility for his own wilful injury to another. The essence of this policy, with which we are thoroughly in accord, is found in the

following statement of our Supreme Court: "Section 1668 of the Civil Code and section 533 of the Insurance Code establish a public policy to prevent insurance coverage from encouragement of wilful tort." (*Tomerlin* v. *Canadian Indemnity Co., supra,* 61 Cal.2d at p. 648.) We therefore hold that the trial court did not err in applying section 533 of the Insurance Code to the public liability policy in this case.

## III

█ The third contention relates to plaintiff Caroline Evans, who claims that she has been personally wronged by the judgment for defendant. Her argument is that (a) the insurance policy is community property; (b) the policy covered her as a named insured; (c) she did not personally participate in the wilful act; and (d) the court therefore erred in applying section 533 of the Insurance Code as to her and in failing to protect her share of the other community assets against possible execution by Rader to enforce his judgment.

There is no merit to this contention. Although Caroline was a named insured, the policy provided coverage for each insured only as to such "sums which the insured shall become legally obligated to pay as damages . ... ." Section 533 of the Insurance Code has under some circumstances been held inapplicable to the liability of one who did not participate in the wrongful act. Thus, in *Arenson* v. *Nat. Automobile & Cas. Ins. Co.* (1955) 45 Cal.2d 81 [286 P.2d 816], an innocent insured who was vicariously liable for the intentional tort of another was held entitled to indemnification on his liability policy, notwithstanding section 533. And in *Nuffer* v. *Insurance Co. of North America, supra,* 236 Cal.App.2d 349, involving fire rather than liability coverage, where a building was destroyed by arson of the agent of its owner, the court refused to apply section 533 to prevent the owner from collecting. The instant case involves neither a judgment against an insured nor a claim by the insured for a physical loss insured against. There was here no judgment against Caroline; in fact, Rader did not include her as a defendant. She thus did not become legally obligated to pay damages, and there was therefore nothing for the defendant to indemnify. A judgment for money damages is one subject, while collection of a judgment rendered against a spouse is another and quite independent subject. (Civ. Code, § 5122.) The insurance policy in this case indemnified against the former, not the latter. This simple contractual reality will not be distorted by hypocritical

dialectic into a totally different and inappropriate contractual consequence.

The judgment is affirmed.

Puglia, P. J., and Regan, J., concurred.