**STATE FARM FIRE & CASUALTY CO., an Illinois corporation, Plaintiff,**

v.

**Robert Carl HUIE, Fredrick Steven Trudell, James C. Huie, Betty Huie, Traci Bomke, and Kay Dee Stevens, Defendants.**

**No. C–85–7046–CAL.**

United States District Court, N.D. California.

July 23, 1987.

John P. Caudel, Walter C. Cook, Kincaid, Gianunzio, Caudle & Hubert, Oakland, Cal., for plaintiff.

Richard P. Caputo, Robert A. Franklin, Caputo, Liccardo, Rossi, Sturges & McNeil, San Jose, Cal., for defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

LEGGE, District Judge.

Plaintiff has made a motion for summary judgment, seeking a determination that as a matter of law there is no coverage under the policy of insurance issued by it. The motion was argued and submitted. The court has studied the moving papers, the opposing papers, the record, and the applicable authorities. The court concludes that there is no genuine issue of material fact necessary to the decision of the coverage issue, and that summary judgment should be granted to plaintiff.

### I.

The following facts are undisputed in the record:

Traci Bomke, a minor female, was forced by Fredrick Trudell into a car driven by Robert Huie. Huie drove the car to an isolated area where Bomke was raped and forced into oral copulation. Those acts were committed by Trudell, with Huie at least present at the scene. There is evidence, although it is not necessary for purposes of this decision, that she was also sexually assaulted by Huie. The events occurred at gun point, and the gun was owned by Huie.

Huie and Trudell were arrested and charged with offenses resulting from the event. They pleaded guilty to rape, kidnapping and forcible oral copulation, and are in prison.

### II.

Plaintiff has issued an insurance policy to Huie's parents, James C. and Betty Huie. It is a homeowners type of policy, which includes liability coverages. The policy was in effect on the date of the assault on Bomke. It is admitted that Huie is an "additional insured" person under that policy. It is also admitted that Trudell is not a person insured under the policy.

Bomke has brought a civil action in state court for damages against Huie and Trudell.[1] That case is now pending. Bomke alleges negligent acts, intentional acts, false imprisonment, and assault and battery. If the above undisputed facts are proved by Bomke against Huie in that action, Huie could be held liable for intentional and willful acts. For the reasons discussed below, such liability of Huie would be excluded from the coverage of plaintiff's policy. So in order to recover against Huie for liability which would be covered under the policy, Bomke may attempt to prove Huie liable for some conduct less than intentional and willful. To that end, Bomke might attempt to establish that Huie was negligent in putting her at risk, or in not stopping Trudell's acts, or that Huie's liability is vicarious under a concert-of-action theory.

### III.

Huie's potential liability to Bomke, of whatever type, would be covered under the broad language of the insuring agreements of the policy. The question is whether Huie's liability to Bomke would be excluded from coverage by an exclusion clause in the policy, or by public policy.

The policy contains an exclusion clause which excludes coverage for "bodily injury or property damage which is *expected or intended* by the insured." (emphasis added).

In addition to that policy exclusion, we are also concerned with two sections of the California codes which preclude insurance coverage for willful acts:

1. California Insurance Code Section 533 states that: "An insurer is not liable for a loss caused by a *willful act* of the insured...."

---

**1.** Because it is undisputed that Trudell is not a person insured under the policy, the court need not further discuss the position of Trudell in Bomke's civil case or under the policy.

2. California Civil Code Section 1668 provides that: "All contracts [including insurance contracts] which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud or *willful injury* to the person or property of another, or *violation of law, whether willful or negligent,* are against the policy of the law."

■ The important words of the code sections with which we are concerned here are underlined above for emphasis. The code sections are a part of every insurance contract, and function as the equivalent to an exclusionary cause in the policy itself. *Evans v. Pacific Indemnity,* 49 Cal.App.3d 537, 540, 122 Cal.Rptr. 680 (1975). The public policy underlying those code sections is to prevent the encouragement of willful torts. *Tomerlin v. Canadian Indemnity,* 61 Cal.2d 638, 648, 39 Cal.Rptr. 731, 394 P.2d 571 (1964).

### IV.

Plaintiff filed this action seeking a declaration that its policy provides no coverage for any liability of Huie to Bomke, and that plaintiff has no obligation to defend Huie in Bomke's civil case. After discovery was conducted, plaintiff filed this motion for summary judgment.

The court does not believe that there are any genuine issues of material fact. The facts stated in Section I. are the material facts necessary for resolution of the insurance coverage questions, and those facts are not in dispute.

Plaintiff has made certain evidentiary objections to matters presented by Bomke in opposing this motion. This court does not consider it necessary to rule upon those evidentiary objections, because even if that evidence were considered the court must still conclude that there is no genuine issue of material fact regarding the absence of coverage under the language of the policy exclusion, the language of the California code sections, or the intent of the legislature in passing those code sections.

The court believes that the only issues for decision are ones of law. That is, taking the undisputed facts regarding the acts of Huie, in the light most favorable to defendants, is Huie's potential liability to Bomke for those acts excluded from coverage by the policy or barred from coverage by the code sections? This is a question of California law, and involves the code sections, the intent of the legislature, and California case decisions.

### V.

The code sections are quoted above and their key language is underlined. The public policy defined by the legislature in those code sections has been stated by the *Tomerlin* and *Evans* decisions, *supra.*

The California Supreme Court has had occasion to interpret the code sections, albeit in different factual settings:

In *Clemmer v. Hartford Insurance Co.,* 22 Cal.3d 865, 151 Cal.Rptr. 285, 587 P.2d 1098 (1978), the California Supreme Court said that to be excluded by the Insurance Code section, an act had to be done with a "preconceived design to inflict injury," *Id.,* at 887, 151 Cal.Rptr. 285, 587 P.2d 1098. This court believes that a kidnapping at gun point for the purpose of at least assisting another in committing rape involves a preconceived design to inflict injury.

In a subsequent case, *Peterson v. Superior Court,* 31 Cal.3d 147, 181 Cal.Rptr. 784, 642 P.2d 1305 (1982), the California Supreme Court implied that the code sections' concept of "willful" did not extend to an act "performed without intent to harm," *Id.,* at 159, 181 Cal.Rptr. 784, 642 P.2d 1305. The case could be construed as standing for the proposition that in order to be barred by the Insurance Code section, the act of the insured must involve a preconceived design to inflict injury, an intent to injure, or some other intent to harm. Again, this count concludes from the undisputed facts that Huie's conduct, however construed in terms of theories of liability, involved a preconceived design to inflict injury, a specific intent to injure, and some other intent to cause harm.[2]

2. A California Court of Appeals' decision, *U.S. Fidelity and Guaranty v. American Employers*

The California courts of appeal then decided three cases in 1984 relevant to these issues. All were decided within a few months of one another by different districts. They are *Allstate Insurance Co. v. Overton,* 160 Cal.App.3d 843, 206 Cal.Rptr. 823 (2nd Dist.1984), *U.S. Fidelity and Guaranty v. American Employers Insurance Co.,* 159 Cal.App.3d 277, 205 Cal.Rptr. 460 (3d Dist.1984), and *Allstate Insurance Co. v. Kim W.,* 160 Cal.App.3d 326, 206 Cal.Rptr. 609 (1st Dist.1984).

■ *Allstate v. Kim W.* is the one most analogous to the present case, both on its facts and its law. The case presented the issue of whether the Insurance Code section excluded coverage for the insured's acts of sexual assault on a minor. The court concluded that an act which is a violation of California Penal Code Section 288 is a "willful" act within the meaning of the Insurance Code section, and that there was no coverage. That Penal Code section 288 is one of the offenses to which Huie pleaded guilty.[3]

■ Even accepting the most liberal theories of Huie's potential liability to Bomke for the purpose of attempting to find insurance coverage, the court concludes that Huie's potential liability to Bomke is not covered by plaintiff's insurance policy. The record is without dispute that Huie participated in at least: (1) the abduction of Bomke; (2) driving her to a remote location; (3) with the purpose of forcible rape and oral copulation upon her, at least by Trudell; and (4) the use of Huie's gun in those acts. The court must conclude that those acts resulted in bodily injury to Bomke which was "expected or intended by [Huie]," within the language of plaintiff's insurance policy; that those acts of Huie were "willful" acts within the meaning of California Insurance Code Section 533; and

that those acts of Huie were "willful injury" to Bomke or a "violation of law, whether willful or negligent" under Civil Code Section 1668.

In an attempt to create a triable issue of fact, defendants argue about distinctions in the language of various California penal statutes; that is, the type or degree of intent or willfulness that is required for conviction under those statutes. Defendants also draw distinctions among the particular phrasings of language in certain of the California cases. Again, the attempt is to show that Huie's conduct could be labeled in Bomke's civil case against Huie as being something less than willful or intentional. This court is of the opinion that those distinctions miss the principal point. That point is the California legislature's intent not to insure certain acts, regardless of the definition of the liabilities that might arise from them. The focus should be on the *act*—which is what the legislature is trying to prevent—rather than on the *theories* of civil or criminal liability that might arise from that act. Regardless of the language of individual criminal statutes, or the language used by the California courts in the individual cases before them, the legislative intent is clear. That is, that some acts are so extreme that public policy does not permit them to be insured. From that perspective, this court is of the opinion that the participation by Huie (in even the most minimal degree argued by Huie and Bomke) in abduction, kidnapping, the use of a gun, rape, and forcible oral copulation are such acts. This is criminal conduct which the legislature intended to exclude from insurance coverage.

The court is aware that this decision produces the unfortunate result that the innocent victim will not be able to receive com-

---

*Insurance Co.,* 159 Cal.App.3d 277, 205 Cal.Rptr. 460 (3d Dist.1984), has stated that the focus of the Insurance Code section is on the intent to do the *act* which causes the damage, rather than on the intent to cause a specific resulting *damage.* *Id.,* at 284, 205 Cal.Rptr. 460. At the very least, Huie's acts caused Bomke's kidnapping and sexual assault, and his own acts to that end were intentional.

**3.** The court also notes that California Penal Code Section 667.5 provides for enhancement of prison terms for rape and forcible oral copulation. This statute can be interpreted as a legislative recognition that certain types of felonies are "violent" by virtue of their extreme psychological and emotional harm caused by their commission; *see e.g., People v. Stephensen,* 160 Cal.App.3d 7, 206 Cal.Rptr. 444 (1984).

pensation from the insurer of the tort feasor who so badly abused her. That personal and economic consequence is most regrettable. But the California legislature is the one to define the public policy of this state on insurance coverage, and the legislature has very clearly stated its intention that the public policy is best served by not having intentional acts insured. If there is to be insurance coverage available to victims for the results of crimes perpetrated upon them, that must be by an act of the legislature.

IT IS THEREFORE ORDERED that summary judgment be entered in favor of plaintiff and against defendants.[4]

---

[4]. The court acknowledges the assistance of Charles Olson in the preparation of this opinion.