**STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, Plaintiff,**

v.

**Patricia ABRAIO, as Personal Representative of Antoine Joseph Abraio, Deceased, Louis Abraio, Tiffany K., a minor, by Adaline Dennis, her guardian ad litem, and Adaline Dennis, Defendants.**

No. C–87–0621–DLJ (ARB).

United States District Court,
N.D. California.

Jan. 28, 1988.

Sally C. McDonald of the law firm Ropers, Majeski, Kohn, Bentley, Wagner & Kane, San Francisco, Cal., for plaintiff.

Jill Elaine Weissich, San Rafael, Cal., for defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

JENSEN, District Judge.

Plaintiff's Motion for Summary Judgment came on for hearing on October 28,

1987. Plaintiff appeared through counsel Sally C. McDonald. Defendants Tiffany K. and Adaline Dennis appeared through counsel Jill Elaine Weissich. The Court requested supplemental briefing from Ms. Weissich, which was submitted on November 20, 1987. After consideration of the memoranda and other documents, as well as the oral arguments of counsel, the Motion is now GRANTED and judgment is entered in favor of plaintiff and against defendants.

## I.

Plaintiff State Farm filed this action seeking a declaratory judgment that it has no duty to either provide a defense to or indemnify the estate of Antoine Abraio in *Tiffany K. and Adaline Dennis v. Antoine Abraio, et al.*, No. 123295 (filed January 23, 1986), an action currently pending in the Superior Court of California, County of Marin. *See Defendant's Opposition,* exhibit A (copy of complaint). That complaint asserts causes of action including assault and battery, intentional and negligent infliction of emotional distress, and false imprisonment based on the sexual molestation by Antoine Abraio of Tiffany K., an eight year old child at the time of the events complained of.

In October of 1984, Abraio was charged with the felony of having committed a lewd or lascivious act upon the body of a child under fourteen, a violation of CAL. PENAL CODE § 288(a). He pled guilty to the misdemeanor offense of molesting a child under the age of eighteen, CAL. PENAL CODE § 647a (now codified at § 647.6), in exchange for dismissal of the felony charge and was sentenced to a term of six months imprisonment. *See Plaintiff's Memorandum,* exhibits C, D. On or about June 24, 1985, Abraio died as the result of an apparent suicide.

The specifics of the crime are as follows: Antoine Abraio was a sixty-three year old divorcé and long time friend of the victim's grandmother. He frequently took Tiffany for motorcycle rides, camping trips and other activities. *See Defendants' Opposition,* exhibit D (probation report). Abraio admitted that on many of these occasions he fondled Tiffany's genitals and told her not to tell anyone about it. *Id.,* exhibits D, E (report of Dr. Robert S. Aaron). Tiffany also alleged that on one occasion he inserted his finger into her vagina, although Abraio denied the allegation. *Id.,* exhibit D.

At the time of these events, State Farm was the insurer of Antoine Abraio under a homeowner's policy issued to his father, Louis Abraio.[1] That policy included liability coverage, but explicitly excluded such coverage for "bodily injury or property damage which is expected or intended by an insured." *See Plaintiff's Memorandum,* exhibit A, at 9. The defense of the state court tort action was tendered to State Farm by the administrator of Antoine Abraio's estate. State Farm is providing a defense, but has reserved its right to deny coverage. It now seeks a declaration from this Court that it is under no duty to defend or indemnify the estate because the undisputed facts reveal that the acts committed (1) fall within the explicit policy exclusion quoted above; and (2) fall within the scope of CAL.INS.CODE § 533, which provides in part that "[a]n insurer is not liable for a loss caused by the willful act of the insured."

## II.

There is no dispute as to the fact that Antoine Abraio molested Tiffany K. Thus, the Court turns to the question of whether, in doing so, Abraio committed a "willful" act within the meaning of § 533.

The exact scope of § 533 has been the subject of considerable California case law. In *Clemmer v. Hartford Ins. Co.,* 22 Cal. 3d 865, 151 Cal.Rptr. 285, 587 P.2d 1098 (1978), the California Supreme Court stated that even an act which is willful within traditional principles of tort law "will not exonerate the insurer from liability under

---

1. Defendants cite *American States Ins. Co. v. Borbor,* 826 F.2d 888 (9th Cir.1987), for the proposition that *Louis* Abraio's estate is entitled to coverage in the state court action. However, because Louis's estate is not a party to that action, the citation to *Borbor* is inapposite.

Insurance Code Section 533 unless it is done with a 'preconceived design to inflict injury.'" *Id.* 22 Cal.3d at 887 (quoting *Walters v. American Ins. Co.,* 185 Cal. App.2d 776, 783, 8 Cal.Rptr. 665 (1960)).

More recently, in *Allstate Ins. Co. v. Kim W.,* 160 Cal.App.3d 326, 333, 206 Cal. Rptr. 609 (1984), a panel of the California Court of Appeals held that "an act which is a violation of Penal Code section 288 [the statute under which A. Abraio was originally charged] is a willful act within the meaning of Insurance Code section 533." In stating thus, the Court recognized that previous courts had taken the position that "under certain circumstances, the nature of the intentional act is such that an intent to cause at least some harm can be inferred as a matter of law," and held that a violation of section 288 constituted such an act. *Id.* 160 Cal.App.3d at 332.

This Court is satisfied that the undisputed facts of this case establish that Abraio's actions fall within the scope of Insurance Code § 533. In *Kim W.* the Court recognized that in admitting to a § 288 violation an offender admits to committing (1) a lewd or lascivious act upon the body (2) of a child under age fourteen (3) with the intent of arousing, appealing to, or gratifying the sexual desires of either the perpetrator or the child. 160 Cal.App.3d at 332. The uncontroverted evidence before this Court establishes that Antoine Abraio (1) fondled the genitals (2) of an eight year old child, and (3) asked her during the act if she "liked it." *See Defendant's Opposition,* exhibits D (probation report), E (report of Dr. Aaron), F (declaration of Beverly James, L.C.S.W.). Thus, the deceased's actions are of precisely the type which the *Kim W.* Court held fall within § 533.

Defendants raise two arguments in an attempt to distinguish *Kim W.* First, they argue that because Abraio acted out of some sense of affection for Tiffany, then

he clearly did not have an intent to cause her harm. In the Court's view, this argument neglects the clear thrust of *Kim W.,* which is that where the act is inherently harmful, the focus should be on the act itself rather than on the subjective intention of the actor.[2] The Court finds the conclusion inescapable that the initiation of sexual activity by a sixty-three year old man with an eight year old child is inherently harmful.

Second, defendants argue that *Kim W.* is inapposite in that the present case involves a violation of Penal Code § 647a, a misdemeanor, rather than § 288, a felony. In this Court's view, defendants' contention is answered suitably by Judge Legge in *State Farm Fire & Cas. Co. v. Huie,* 666 F.Supp. 1402 (N.D.Cal.1987):

> The focus should be on the *act*—which is what the legislature is trying to prevent —rather than on the *theories* of civil or criminal liability that might arise from that act. Regardless of the language ... the legislative intent is clear. That is, that some acts are so extreme that public policy does not permit them to be insured.

*Id.* at 1405 (emphasis in original).

The Court finds the logic of *Kim W.* and *Huie* to be persuasive, and concludes that the actions of Antoine Abraio fall into the category of those which "are so extreme that public policy does not permit them to be insured." Therefore, those acts are excluded from coverage by § 533.[3]

### III.

Because the undisputed facts in the record establish that Antoine Abraio's actions fall within the scope of § 533 of the California Insurance Code, those actions are excluded from coverage and plaintiff's

---

**2.** Defendants appear to argue that no matter how heinous the act, the focus of the § 533 inquiry should be on the actor's subjective intention. By this logic, for example, a murderer who kills in the belief that his victim will be better off in the afterlife would be entitled to liability coverage in a wrongful death action by the victim's estate, because the murderer did not intend to "harm" the victim by killing him.

**3.** In light of this conclusion, the Court does not reach the question of whether the deceased's actions fall within the explicit liability exclusion in Louis Abraio's policy.

Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.