874 F.2d 619
 STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff-Appellee,
v.
Patricia ABRAIO, as Personal Representative of Antoine
Abraio, Deceased, Louis Abraio and Tiffany K., a
minor, by and through her guardian ad
litem Adeline Dennis, Defendants,
Appeal of Adeline DENNIS, individually, Defendant.
 No. 88-1799.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Feb. 16, 1989.*
Decided April 5, 1989.
As Amended July 25, 1989.
 
 Jill Elaine Weissich, San Rafael, Cal., for defendants-appellants.
 Gail Y. Norton and Geordie L. Duckler, Ropers, Majeski, Kohn, Bentley and Kane, San Francisco, Cal., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before CHOY, SNEED and NOONAN, Circuit Judges.
 CHOY, Circuit Judge:
 
 
 1
 Defendants Patricia Abraio, Louis Abraio, Tiffany K. and Adeline Dennis appeal from the district court's grant of summary judgment to plaintiff State Farm Fire and Casualty Insurance Co. ("State Farm"). State Farm sought a declaratory judgment that it owed no duty to defend or indemnify Antoine Abraio's estate in a tort action brought against the estate in a California court by Tiffany K. and her mother Adeline Dennis. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm.FACTUAL BACKGROUND
 
 
 2
 On October 2, 1984, the Marin County District Attorney filed an information against Antoine Abraio, charging him with sexually molesting Tiffany K., an eight year old girl. Abraio was charged with one count of violating California Penal Code Sec. 288(a).[1] Abraio admitted to fondling Tiffany K. and touching her genitals on several occasions during the summer of 1984. The incidents occurred at Tiffany's home and on occasions when Abraio took her on motorcycle rides in the country. In November, 1984, Abraio pled guilty to one count of Penal Code Sec. 647a, a misdemeanor.[2] Abraio served a six month jail sentence. Soon after his release, Abraio died from a gunshot wound to the head which was apparently self-inflicted.
 
 
 3
 On January 23, 1986, Tiffany K.'s guardian ad litem filed a state court action against Abraio's estate seeking compensatory and punitive damages for Tiffany under various intentional tort and negligence theories. The defense of the case was ultimately tendered to State Farm, Abraio's father's insurance company. Acknowledging that Abraio had been covered by his father's homeowner's policy during the period in question, State Farm assumed the defense under a reservation of rights. State Farm then filed this action in federal court on the basis of diversity of citizenship. State Farm sought a declaratory judgment that it owed no duty to Abraio's estate because Abraio's actions were excluded from coverage.
 
 
 4
 State Farm moved for summary judgment, relying upon the policy language, upon California Insurance Code Sec. 533, and upon Allstate Ins. Co. v. Kim W., 160 Cal.App.3d 326, 206 Cal.Rptr. 609 (1984). The State Farm homeowner's policy excluded from coverage "bodily injury or property damage which is expected or intended by the insured" while California Insurance Code Sec. 533 provides that an insurer is not liable for losses caused by the insured's willful acts.[3] In Kim W., a California appellate court held that acts which would constitute a violation of Penal Code Sec. 288 are "willful" within the meaning of Sec. 533 as a matter of law.
 
 
 5
 In response, defendants relied upon Clemmer v. Hartford Ins. Co., 22 Cal.3d 865, 151 Cal.Rptr. 285, 587 P.2d 1098 (1978), in which the California Supreme Court held that an insurance company is only exonerated from liability under Sec. 533 when the insured's acts were done with a "preconceived design to injure." Id. at 297, 587 P.2d at 1110. Defendants argued that Clemmer required a subjective intent to harm and that Abraio did not have such an intent, but rather acted out of affection for Tiffany. In support of this claim, defendants produced affidavits from Abraio's criminal defense attorney and Tiffany's therapist stating their opinions that Abraio had not intended to harm Tiffany. In addition, defendants produced the affidavit of a medical doctor who stated his opinion that the heart medication that Abraio was taking at the time of the molestation may have prevented Abraio from being able to form a specific intent to harm Tiffany.
 
 
 6
 The district court granted State Farm's motion for summary judgment and entered a declaratory judgment that State Farm owed no duty to indemnify Abraio. 683 F.Supp. 220. The district court determined that Abraio's actions were "willful" within the meaning of Sec. 533 and therefore excluded from coverage.
 
 STANDARD OF REVIEW
 
 7
 California's substantive insurance law governs in this diversity case. James B. Lansing Sound Inc. v. National Union Fire Ins. Co., 801 F.2d 1560, 1561 (9th Cir.1986). However, there is no California Supreme Court case addressing the issue presented on this appeal. When the state supreme court has not ruled definitively on a point, this court looks to decisions by intermediate appellate state courts for guidance. Dimidowich v. Bell & Howell, 803 F.2d 1473, 1482 (9th Cir.1986), modified 810 F.2d 1517 (1987). This court should follow these decisions unless there is convincing evidence that the state supreme court would decide differently. Id. This is especially true when the supreme court has refused to review the lower court's decision. Tenneco West, Inc. v. Marathon Oil Co., 756 F.2d 769, 771 (9th Cir.1985).
 
 
 8
 This court reviews a grant of summary judgment de novo. Bonner v. Lewis, 857 F.2d 559, 561 (9th Cir.1988). The district court's interpretation of state law is also reviewed de novo. In re McLinn, 739 F.2d 1395, 1403 (9th Cir. 1984) (en banc).
 
 DISCUSSION
 
 9
 This case turns upon the interpretation of a "willful" act under Sec. 533. In 1978, the California Supreme Court stated that for the purpose of exclusion from insurance coverage, willfulness is defined more narrowly than under traditional tort principles. Clemmer v. Hartford Ins. Co., 22 Cal.3d 865, 151 Cal.Rptr. 285, 287, 587 P.2d 1098, 1100 (1978). In Clemmer, the California Supreme Court determined that an insurance company is only exonerated from liability if the insured acted with a "preconceived design to inflict injury," not simply because the insured acted intentionally. Id. at 297, 587 P.2d at 1110; see also Peterson v. Superior Ct., 31 Cal.3d 147, 181 Cal.Rptr. 784, 790, 642 P.2d 1305, 1311 (1982) (act is not willful under Sec. 533 if performed without an intent to harm).
 
 
 10
 The first California case applying the Clemmer requirement of a "preconceived design to inflict harm" to a case involving child molestation was Allstate Ins. Co. v. Kim W., 160 Cal.App.3d 326, 206 Cal.Rptr. 609 (1984). In Kim W., a minor sued the insured for injuries resulting from sexual assault. The appellate court found that the insured's actions were excluded from insurance coverage by Sec. 533.
 
 
 11
 The court found that "under certain circumstances, the nature of the intentional act of the insured is such that an intent to cause at least some harm can be inferred as a matter of law." Id. at 613. The court concluded that an act which violates Penal Code Sec. 288 is such an act. Id. Although never convicted of criminal charges, the insured had admitted during the course of the civil litigation that he had engaged in acts which would violate Penal Code Sec. 288. Therefore, his actions were deemed to be uninsurable as a matter of law. The California Supreme Court declined review of Kim W.[4]
 
 
 12
 Recently, another California appellate court had the opportunity to address the insurability of acts of child molestation. Fire Ins. Exchange v. Abbott, 204 Cal. App. 3d 1012, 1027-28, 251 Cal. Rptr. 620, 630 (1988), petition for review denied December 15, 1988. The Abbott court held that conduct which violates Sec. 288 creates an irrebuttable inference that the insured intended harm. This inference can not be overcome by evidence of a subjective lack of intent to harm. Id. at 1027, 251 Cal. Rptr. at 630.[5]
 
 
 13
 In Jenner, the insured pled guilty to three counts of violating Penal Code Sec. 288(a) and two counts of violating Sec. 288a(c)[4]. He then committed suicide. The victim filed a complaint against his estate, alleging theories of intentional tort and negligence. State Farm defended the suit, but filed an action in federal court seeking a declaratory judgment that Jenner's actions were excluded from coverage by Sec. 533.
 
 
 14
 In opposition to State Farm's motion for summary judgment, the defendants presented declarations from two doctors who had examined Jenner's medical records. The doctors stated that Jenner was a pedophile who could not have formed the intent to harm his victims. The defendants also produced the declaration of Jenner's criminal defense attorney stating the opinion that Jenner never foresaw harm to the boys he befriended and then molested. The district court granted summary judgment to State Farm, finding that even if Jenner's actions were not willful as a matter of law, the defendants' evidence was insufficient to create a genuine issue of intent.
 
 
 15
 The panel of this court reversed stating that the insurance company bore the burden of proving that Jenner's actions were within the ambit of Sec. 533. The court stated that while Jenner's conviction might shift the burden to the defendants to prove that Jenner's actions were insured, the declarations presented by the defendants were sufficient to raise a genuine issue of fact regarding Jenner's intent. Id. at 1365. Therefore, it held, there was a genuine issue as to whether his actions were covered and the grant of summary judgment was improper.
 
 
 16
 The facts of Jenner are virtually identical to those in this case. However, the most recent California appellate court case addressing this issue rejected Jenner. Fire Ins. Exchange v. Abbott, 204 Cal.App.3d 1012, 251 Cal.Rptr. 620, 630 (1988), petition for review denied December 15, 1988. The appellate court held that evidence about the insured's subjective intent to harm is irrelevant in child molestation cases because intent to harm is supplied as a matter of law. Id. at 631.
 
 
 17
 In Abbott, the first insured,[6] Robert Abbott, admitted to molesting a six-year old girl and pled no contest to one count of violating Sec. 288(a). The other insured, Robert Shreve, a high school teacher, had an ongoing sexual relationship with a fourteen-year old male student. Shreve pled guilty to a violation of Penal Code Sec. 288a(b)(2), which makes it a felony to engage in oral copulation with a person under 16 years of age.[7]
 
 
 18
 The victims of each insured filed civil tort actions. The insurer defended against both actions, but subsequently filed claims requesting declaratory relief. Each claim for declaratory relief proceeded to court trial. At the trials, psychologists testified that the insureds did not intend to harm their victims and that the insureds lacked the mental capacity to "govern their sexual attraction in accordance with reason." Id. at 622 and 623-624.
 
 
 19
 At the close of the court trials, the trial judge held that the insurer was obligated to defend and indemnify both men. The court reasoned that because the men had been mentally ill, their actions were not willful or intentional within the meaning of Sec. 533. Id. at 622, 624.
 
 
 20
 The appellate court reversed and directed the trial court to enter judgment in favor of the insurer. The court held that the psychiatric testimony presented at the trials failed to remove either case from the rule of Kim W. Id. at 631. The court stated that testimony "concerned with whether the insureds subjectively intended to injure their victims" was irrelevant. Only evidence concerning the insured's ability to form an intent to commit the acts constituting the misconduct was relevant. Id. Since there was little evidence at either trial tending to disprove the insured's intent to act, the court concluded, the insurer was entitled to judgment. Id.
 
 
 21
 that The Abbott court reiterated the holding from Kim W. that intent to harm is inferred as a matter of law in acts of child molestation. The California Supreme Court declined review in Abbott and in Kim W. Thus, under California law, there appears to be an irrebuttable presumption of intent to harm if the insured could form the intent to act. We follow the lower appellate courts' decisions in Abbott and Kim W. because it appears that the California Supreme Court would follow those decisions. See Dimidowich, 803 F.2d at 1482.
 
 
 22
 In the instant case, defendants argue that this court should decline to follow Kim W. because Abraiao was convicted of a misdemeanor, not of a violation of Penal Code Sec. 288. However, the fact that Abraio was not convicted of Sec. 288 is irrelevant. The insured in Kim W. was not convicted of any crime, but merely admitted to acts which would constitute a violation of Sec. 288. The acts which Abraiao admitted to performing would constitute a violation of Sec. 288. Indeed, Abraio was originally charged with a violation of that offense. Therefore, the defendants' argument that this court should decline to follow Kim W. simply because Abraio pled guilty to a misdemeanor is meritless.
 
 
 23
 The defendants also argue that we should decline to follow Kim W. because Penal Code Sec. 288 is a specific intent crime while Abraio pled guilty to Sec. 647a which is a general intent crime. However, in Abbott, the court rejected an identical argument. Shreve argued that since Sec. 288a(b)(2), which prohibits oral copulation with a minor, was a general intent crime it would be improper to infer an intent to harm. Noting that the intent specified in Sec. 288 is an intent to arouse, not an intent to harm, the Abbott court stated that it made no difference whether the crime with which the defendant was charged required a general or specific intent. Abbott, 204 Ca. App. 3d at 1024, 251 Ca. Rptr. at 627. The conduct is excluded from insurance coverage, the court held, if the nature of the crime is such that "an intent to injure the victim is the only rational inference." Id. The court determined that a violation of a child molestation statute requiring a general intent is such a crime.
 
 
 24
 Thus, under California law there is an irrebuttable presumption of an intent to harm in child molestation cases, regardless of whether the defendant was convicted of a general or specific intent crime. For such conduct to be excluded from insurance coverage, all that must be shown is the intent to commit the acts constituting the molestation. Therefore, the only issue in the instant case is whether sufficient evidence that Abraio did not form the intent to act to withstand a motion for summary judgment.
 
 
 25
 The defendants never argued that Abraio was unable to form an intent to act. In their opposition to summary judgment, the defendants offered only one piece of evidence which indicated that Abraio may not have been able to form the intent to act. In his declaration Dr. Kliman, a psychiatrist who had never met Abraio but who formed his opinion on the basis of Abraio's medical records, stated:
 
 
 26
 "In my opinion it is possible that said medications could have affected Antoine Abraio's mental state to the extent that he either could not control his actions, or could not have formed an intent to injure Tiffany K., or both."
 
 
 27
 (emphasis added).
 
 
 28
 Abraio molested Tiffany K. on numerous occasions over the course of several months. He sought opportunities to be alone with her, taking her on motorcycle rides and camping trips far from the protection of her family. In light of the entire record, especially the ongoing nature of the relationship, between Abraio and Tiffany, Dr. Kliman's declaration is not sufficient evidence that a rational trier of fact could conclude that Abraio did not form an intent to act. Matsushita Elec. Indus. Co. v. Zenith Radio, Inc., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).
 
 CONCLUSION
 
 29
 Abbott held that evidence regarding the defendant's subjective intent to harm is irrelevant and that there is an irrebuttable presumption of intent to harm supplied as a matter of law in child molestation cases. The only issue of fact is whether the insured could form an intent to act. The defendants failed to raise a genuine issue as to whether Abraio was capable of forming an intent to act. Therefore, State Farm is entitled to judgment as a matter of law.
 
 
 30
 We affirm.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir. R. 34-4 and Fed.R.App.P. 34(a)
 
 
 [1]
 California Penal Code Sec. 288(a) provides:
 "Any person who shall willfully and lewdly commit any lewd or lascivious act including any of the acts constituting other crimes ... upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or such child, shall be guilty of a felony ..."
 
 
 [2]
 California Penal Code Sec. 647a, now codified at section 647.6 provides in pertinent part:
 "Any person who annoys or molests any child under the age of 18 is punishable by a fine not exceeding one thousand dollars ($1000) or by imprisonment in the county jail for not exceeding one year or by both...."
 
 
 [3]
 Section 533 provides:
 Willful act of insured; negligence
 An insurer is not liable for a loss caused by the willful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others.
 State Farm's policy provision is coextensive with the statutory provision. See AllState Ins. Co. v. Overton, 160 Cal. App. 3d 843, 849, 206 Cal. Rptr. 823 (1984).
 
 
 [4]
 In three recent cases, this court followed the holding in Kim W. that child molestation is willful as a matter of law and thus excluded from insurance coverage. American State Ins. Co. v. Borbor, 826 F.2d 888, 891 (9th Cir. 1987); State Farm Fire and Casualty Co. v. Bomke, 849 F.2d 1218, 1220 (9th Cir. 1988). Allstate Ins. Co. v. Gilbert, 852 F.2d 449, 452 (9th Cir. 1988). However, one case in this circuit interpreted Kim W. as holding that acts in violation of Sec. 288 are willfull as a matter of law unless there is credible evidence that the insured lacked the capacity to form an intent to harm. State Farm Fire and Casualty Co. v. Estate of Jenner, 856 F.2d 1359, 1364 (9th Cir. 1988)
 
 
 [5]
 After the California Supreme Court declined review of Abbott, this court vacated its decision in Jenner and granted State Farm's petition for rehearing. State Farm Fire & Casualty Co. v. Jenner, No. 87-2153 (9th Cir. Feb. 22, 1989)
 
 
 [4]
 Section 288a(c) makes it a felony for a person over 21 years of age to engage in oral copulation with a person under the age of fourteen
 
 
 [6]
 Abbott involved two separate child molestation cases. Since the same trial judge ruled upon the insurance company's declaratory relief action in each case and the same issues were involved, the insurer's appeals were consolidated
 
 
 [7]
 Section 288a provides:
 Oral copulation; punishment
 ....
 (b)(2) Except as provided in Section 288, any person over the age of 21 years who participates in an act of oral copulation with another person who is under 16 years of age shall be guilty of a felony.