**STATE FARM FIRE & CASUALTY CO., Plaintiff,**

v.

**L. Arthur BYRD, Nancy G. Byrd, William Engstrom, and Linda Engstrom, Defendants.**

No. C–89–0087–DLJ.

United States District Court, N.D. California.

Jan. 19, 1990.

See also, 710 F.Supp. 1292.

Steven E. McDonald of Kincaid, Gianunzio, Caudle & Hubert, Oakland, Cal., for plaintiff State Farm Fire & Cas. Co.

Richard E. Brown with Belli, Belli, Brown, Monzione, Fabbru & Zakaria, San Francisco, Cal., for defendants William and Linda Engstrom.

John Purcell with Law Offices of Irving Pfeffer, San Francisco, Cal., for defendant L. Arthur Byrd.

### ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF

JENSEN, District Judge.

The Court heard cross motions for summary judgment on January 17, 1990. Appearing for plaintiff was Steven E. McDonald of Kincaid, Gianunzio, Caudle & Hubert. Appearing for defendants William Engstrom and Linda Engstrom was Richard E. Brown of Belli, Belli, Brown, Monzione, Fabbro & Zakaria. Appearing for

defendant L. Arthur Byrd was John Purcell of the Law Offices of Irving Pfeffer.

In this action plaintiff, the insurer on defendant Byrd's homeowner's insurance policy, seeks a declaration that it has no duty to indemnify Byrd for damages arising from the murder of Cynthia L. Engstrom. After review of the briefs submitted by the parties, the oral argument of counsel, and the applicable legal standard, the Court hereby finds that the exclusions of the subject homeowner's insurance policy and California Insurance Code § 533 apply to the insured's actions, and accordingly summary judgment for plaintiff is GRANTED.

## I. BACKGROUND

On April 2, 1986, defendant Byrd was convicted of second degree murder for the death of Cynthia Engstrom in his home. Byrd caused the death of Engstrom by holding her head under water during a sexual encounter in a partially filled bathtub. The victim's survivors, the other defendants in this action, concurrently filed suit for wrongful death in Superior Court for the County of Marin, *Engstrom et al. v. Byrd et al.*, No. 123937 (filed March 18, 1986). On March 2, 1989, the state court granted summary adjudication of certain uncontested issues in this litigation, specifically that Byrd caused Engstrom's death but did not act with premeditation or with intent to kill. On July 17, 1989, judgment for plaintiffs was entered in the amount of $200,000 pursuant to a Stipulation for Entry of Judgment executed by the parties on June 19, 1989. According to the terms of the Stipulation, Byrd admitted liability for negligently causing the death, and the Engstroms agreed not to levy execution upon any of Byrd's personal assets. Byrd also assigned the Engstroms his rights under the homeowner's policy issued by plaintiff. Plaintiff retained counsel for Byrd in this state action under a reservation of rights.

Plaintiff State Farm Fire & Casualty Co. ("State Farm") brought this action in district court for a declaration of rights that it has no liability under the policy to indemnify Byrd for damages resulting from the murder. The policy contains an exclusion from coverage for any "bodily injury or property damage which is expected or intended by the insured," which exclusion parallels California Insurance Code § 533: "An insurer is not liable for a loss caused by the wilful act of the insured; but he is not exonerated by the negligence of the insured ...". This clause is read into every insurance contract as a matter of public policy. *Fire Ins. Exch. v. Abbott*, 204 Cal.App.3d 1012, 1019, 251 Cal.Rptr. 620 (1988). In California, " 'Section 1668 of the Civil Code and section 533 of the Insurance Code establish a public policy to prevent insurance coverage from encouragement of wilful tort.' " *Evans v. Pacific Indemnity Co.*, 49 Cal.App.3d 537, 542, 122 Cal.Rptr. 680 (1975) (quoting *Tomerlin v. Canadian Indemnity Co.*, 61 Cal.2d 638, 648, 394 P.2d 571, 39 Cal.Rptr. 731 (1964)).

## II. DISCUSSION

### A. Summary Judgment Standard

As this action is brought pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332, the Court applies the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure, but the substantive law of the State of California. *Erie v. Tompkins R.R. Co.*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under the Federal Rules of Civil Procedure, summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The standard for judging either a defendant's or plaintiff's motion for summary judgment is the same standard used to judge a motion for a directed verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

### B. Collateral Estoppel Effect of the State Civil Action

Defendants assert in support of their motion for summary judgment that State Farm is estopped to claim that Engstrom's death is covered by these exclusions because State Farm is bound by the stipulated judgment expressly denying that Byrd intended to kill Engstrom.

In California, a party is collaterally estopped from relitigating an issue only if three requirements are met: (1) the issue must be *identical* with that presently in question; and (2) the earlier action resulted in a final judgment on the merits; and (3) the party to be estopped was either a party to or in privity with a party to the prior action. *Clemmer v. Hartford Ins. Co.*, 22 Cal.3d 865, 874, 587 P.2d 1098, 151 Cal. Rptr. 285 (1978) (citing *Bernhard v. Bank of America*, 19 Cal.2d 807, 813, 122 P.2d 892 (1942)). These requirements are not present. State Farm was not a party in the action and was not in privity with any party. In particular, the manifest conflict between State Farm and Byrd on the issue of Byrd's intent destroys any privity which might have been inferred from State Farm's retention of counsel for Byrd.

At the outset, it must be noted that the issue of Byrd's intent was never contested in the state civil action, because the parties expressly declined to preserve the issue of Byrd's intention to kill or harm Engstrom for trial. Byrd conceded the issues of causation and *lack* of premeditation and intent in opposing a plaintiff's motion for summary judgment. The parties then stipulated to Byrd's lack of intent, and the Engstroms agreed not to seek Byrd's personal assets in satisfaction of the judgment:

> In making this Stipulation, the parties hereby withdraw from issue all facts and issues included in the PLAINTIFFS' cause of action for intentionally causing the death of CYNTHIA LYNICE ENGSTROM....

> .    .    .    .    .

> It is understood and agreed that as part of the consideration and inducement for this Stipulation for Entry of Judgment, the PLAINTIFFS hereby covenant and agree not to cause levy of writ of execution upon any asset or property of DEFENDANT ...

Stipulation for Entry of Judgment, *Engstrom v. Byrd*, No. 123937, at 2 (Sup. Court of Calif., County of Marin, filed July 18, 1989). This agreement between the parties further included an assignment of Byrd's rights under the homeowner's insurance policy issued by State Farm, expressly made *in exchange for the forbearance of execution against Byrd's personal assets*. *Id.* at 3. Indubitably, this stipulation was in Byrd's own best interest and opposed to State Farm's, because any finding of willfulness or intent would have expanded his personal liability. By contrast, State Farm's best interests would *require* a finding of intentional acts, in order to establish lack of coverage by the policy. Therefore, there is no basis on which to find that this issue was ever vigorously contested and decided by the trier of fact.

Defendants' argument that State Farm could have intervened in the action and separately contested summary adjudication on the issue of intent ignores the obvious potential for bad faith liability such contest would raise: having retained counsel for its insured, State Farm would be barred by its duty of good faith from arguing forcefully for an adjudication so clearly against the insured's interest. Therefore, Byrd could not have adequately represented State Farm's interest in the underlying litigation, and State Farm could not adequately represent itself. "In the context of collateral estoppel, due process requires that the party to be estopped must have had an identity or community of interest with, and adequate representation by, the losing party in the first action ..." *Clemmer, supra,* 22 Cal.3d at 875, 587 P.2d 1098, 151 Cal.Rptr. 285. Plaintiff correctly points out that under these circumstances there was no identity or community of interest between Byrd and State Farm.

For the foregoing reasons, defendants' motion for summary judgment is DENIED.

### C. Application of Cal.Ins.Code § 533 to Acts of Murder

At Byrd's criminal trial, the jury found him not guilty of first degree mur-

der, but did convict him of murder in the second degree. Contrary to defendants' characterization of the law, a second degree murder conviction does not lay to rest the issue of intent, only of premeditation. A conviction of murder in the second degree necessarily carries a finding that the defendant acted with malice aforethought. Cal.Penal Code § 187 (West 1988). "Such malice may be express or implied. It is express when there is manifested a deliberate intention unlawfully to take away the life of a fellow creature. It is implied, when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart." *Id.* § 188.

The jury instructions on the issue of malice at Byrd's trial permitted a conviction of second degree murder only if the jury found: (1) an intention to kill falling short of premeditation; (2) an intentional act involving a high probability of death, done for a base antisocial purpose with wanton disregard for human life; or (3) a deliberate act done knowing it would endanger another, committed with conscious disregard for human life. Trial Transcript at 3166; *see* CALJIC (5th Ed.) 8.30, 8.31. The jury verdict could have been based on a finding that Byrd acted with a specific intent to kill, but we do not know that, as there was no special verdict on this issue. However, we do know that the jury found that Byrd committed a conscious, deliberate act accompanied either with a specific intent to harm or with that state of mind amounting to implied malice, which in turn requires knowledge that the act endangers life or is carried out with a base antisocial purpose; in either instance the act involves a wanton or conscious disregard for human life.

In the last several years, California law has recognized willfulness for purposes of section 533 in convictions for crimes where the required frame of mind for guilt is arguably lower, on the traditional criminal law continuum from accident to specific intent, than the frame of mind required for malice in the law of homicide. In these cases the courts have found that the actor's intent to harm can be inferred from the nature of the act itself. *Allstate Ins. Co. v. Kim W.*, 160 Cal.App.3d 326, 332, 206 Cal.Rptr. 609 (1984). For example, state law imposes virtually an irrebuttable presumption of intent to injure in violations of Penal Code § 288, committing a lewd and lascivious act upon the body of a child under fourteen. *See Fire Ins. Exch. v. Abbott*, 204 Cal.App.3d 1012, 251 Cal.Rptr. 620 (1988); *see also State Farm Fire & Cas. Ins. Co. v. Abraio*, 683 F.Supp. 220 (N.D.Cal.1988), *aff'd*, 874 F.2d 619 (9th Cir. 1989) (conviction for misdemeanor sexual abuse). Similarly, California law presumes willfulness under section 533 in other crimes carrying degrees of culpability equivalent or lesser than that of second degree murder: *see, e.g., State Farm Fire & Cas. Co. v. Huie*, 666 F.Supp. 1402 (N.D. Cal.1987), *aff'd sub nom. State Farm Fire & Cas. Co. v. Bomke*, 849 F.2d 1218 (9th Cir.1988) (aiding and abetting assault, rape, and forced oral copulation); *USF & G v. American Employer's Ins. Co.*, 159 Cal. App.3d 277, 205 Cal.Rptr. 460 (1984) (arson conviction where offender acted "wilfully, wrongfully, and maliciously" with "a preconceived design to inflict injury" in setting a trash fire which spread to the neighboring building).

To this Court it defies reason to find that California policy should forbid one from insuring against acts of sexual abuse and arson, and, at the same time, permit one to insure against the act of murder. In the Court's view, therefore, a verdict of second degree murder is a finding of willfulness within the meaning of California Insurance Code § 533.

Defendants rely on *Clemmer v. Hartford Insurance Co.*, 22 Cal.3d 865, 587 P.2d 1098, 151 Cal.Rptr. 285 (1978), for a contrary interpretation of California policy. In *Clemmer*, defendant's insured was convicted of second degree murder in the shooting death of the plaintiff's decedent. *Id.* at 872, 587 P.2d 1098, 151 Cal.Rptr. 285. The insured had entered a plea of not guilty by reason of insanity but withdrew it at the close of the guilt phase of the trial. *Id.* In the civil action, brought on a claim against the personal liability policy issued

by defendant, the jury returned a special verdict that the insured lacked mental capacity to form the required intent of shooting and injuring the decedent. *Id.* at 873, 587 P.2d 1098, 151 Cal.Rptr. 285. Evidence of the criminal conviction was not admitted in the civil action. *Id.* at 878–79, 587 P.2d 1098, 151 Cal.Rptr. 285. The trial court denied the insurer's motion for judgment notwithstanding the verdict, *id.* at 877–78, 587 P.2d 1098, 151 Cal.Rptr. 285, but granted a motion for new trial, finding certain expert opinion evidence, the only evidence which would have exonerated the insured, to be "absurd." *Id.* at 888, 587 P.2d 1098, 151 Cal.Rptr. 285.

■ The California Supreme Court affirmed both the denial of judgment notwithstanding the verdict, based on the existence of any evidence at all of lack of capacity to form intent, and the grant of new trial, based on the absence of credibility in that very evidence. *Id.* at 877–78, 888–90, 587 P.2d 1098, 151 Cal.Rptr. 285. To the extent that *Clemmer* may bar a grant of summary judgment based solely on the fact of a second degree murder conviction, *see* 22 Cal.3d at 877–78, 587 P.2d 1098, 151 Cal.Rptr. 285, the Court finds that an examination of underlying facts of the killing in this case clearly shows that the insured committed an intentional act to harm the deceased. Judicial notice of such underlying facts is proper in determining whether defenses indicating a lack of intent to injure exist. *E.g., State Farm Fire & Cas. Co. v. Dominguez,* 131 Cal.App.3d 1, 5, 182 Cal.Rptr. 109 (1982) (both the presentation of evidence of self-defense and the jury's rejection of that evidence considered).

Defendant's testimony was presented to the Court as part of the record for these summary judgment motions, and that testimony fails to raise even the possibility that defendant acted in self-defense or lacked the capacity to form an intent to injure. Trial Transcript at 2703–2706. Only evidence of such defenses could create an issue as to the wrongfulness of the insured's acts, and "[t]he focus should be on the *act* ... That is, some acts are so extreme that public policy does not permit

them to be insured." *Huie, supra,* 666 F.Supp. at 1405.

Here, the record establishes that there is no evidence sufficient to permit a rational trier of fact to find that Byrd did not form an intent to commit the extreme and lethal acts resulting in Cynthia Engstrom's death. *See Abraio, supra,* 874 F.2d at 623 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio, Inc.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)). Based upon the undisputed facts before the Court, the only proper conclusion is that coverage for these acts is excluded, both by the express language of the insurance policy and by California Insurance Code § 533.

### III. CONCLUSION

For the foregoing reasons, the Court finds that defendant Byrd's actions were willful and excluded from coverage under the homeowner's policy issued by plaintiff by the terms of the policy and by Insurance Code § 533. Accordingly, summary judgment for plaintiff is hereby GRANTED.

IT IS SO ORDERED.