**STATE FARM FIRE AND CASUALTY CO., Plaintiff–Appellee,**

v.

**William ENGSTROM, Individually and as Special Administrator of the Estate of Cynthia Lynice Engstrom, and as Guardian Ad Litem of Sandra Engstrom, a minor; Scott Engstrom, a minor; Linda Engstrom, Defendants–Appellants.**

No. 90–15105.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 1991.

Decided May 21, 1991.

Richard E. Brown and M. Steven Parker, Belli, Belli, Brown, Monzione, Fabro & Zakaria, San Francisco, Cal., for defendants-appellants.

Eliot R. Hudson and Steven E. McDonald, Kincaid, Gianunzio, Caudle & Hubert, Oakland, Cal., for plaintiff-appellee.

Before CHAMBERS, GOODWIN and CANBY, Circuit Judges.

PER CURIAM:

The special administrator of the estate of a murder victim, and other named defendants appeal a summary judgment in favor of State Farm Fire & Casualty Company in State Farm's action for a declaration of noncoverage under the murderer's homeowner's insurance policy. We affirm the judgment as explained in the district court's opinion, which is published in *State Farm Fire & Casualty Co. v. Byrd*, 729 F.Supp. 1265 (N.D.Cal.1990).

The insured, one L. Arthur Byrd, was convicted in state court of second degree murder for the death by drowning and strangulation of Cynthia Engstrom. Part of the jury instruction had been that second degree murder attaches to intentional killings that fall short of premeditation or depraved heart killings. Engstrom's survivors concurrently brought a wrongful death action against Byrd but settled before trial with a stipulated judgment and agreement not to levy execution on Byrd's personal assets. The parties devised the stipulation to establish that Byrd had caused Engstrom's death without premeditation *or intent to kill*. The stipulation thus disregarded one of the possible findings behind the verdict. Byrd then assigned his insurance policy to the survivors. Byrd's homeowner's policy contained an exclusion that, like the California Insurance Code § 533, disavowed insurer liability for losses willfully caused by the policy holder.

 The district court held that the stipulated judgment had no collateral effect on the dispute between the Engstroms and State Farm. The court explained that State Farm was not a party or privy in the former action because of "the manifest conflict between State Farm and Byrd on the issue of Byrd's intent." *Id.* at 1267. The district court also held that recovery for the survivors was barred by the policy and insurance code exclusions because, regardless of whether a verdict of second degree murder translates into a finding of willfulness within the meaning of the code, Byrd "intend[ed] to commit the extreme and lethal acts resulting in Cynthia Engstrom's death." *Id.* at 1269. We agree with both holdings.

AFFIRMED.