**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 15 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLY KOGLER, | No. 18-15298 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00534-JD |
| v. | |
| STATE FARM GENERAL INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted September 10, 2019
San Francisco, California

Before: WALLACE, BEA, and FRIEDLAND, Circuit Judges.

Plaintiff-Appellant Carly Kogler appeals from the district court's summary

judgment in favor of Defendant-Appellee State Farm General Insurance Company

(State Farm). Kogler contends that the "loss" caused by Daniel Frank's acts were

covered under the "accident" and the "personal injury" provisions of insurance

policies issued by State Farm, that State Farm breached its duties to defend and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

indemnify Frank by declining to do so as to Kogler's claims against him, and that State Farm is therefore liable for the default judgment that Kogler obtained against Frank.

Frank's acts do not constitute an "accident" under the Homeowner's Policy or Umbrella Policy because, under California law, an "accident" is defined in liability policies as an "unexpected" or "unforeseen" happening. *Delgado v. Interinsurance Exch. of the Auto. Club*, 211 P.3d 1083, 1091 (Cal. 2009). It is entirely expected and foreseen that grabbing and dragging a person by the hair will injure her. Whether Frank intended to harm Kogler is irrelevant because he intended to commit the acts that caused her injuries. *See Quan v. Truck Ins. Exch.*, 79 Cal. Rptr. 2d 134, 143-44 (Ct. App. 1998).

The Umbrella Policy also excludes coverage for personal injuries "when the insured acts with specific intent to cause any harm." An exclusion for acts "expected or intended" by the insured are "identical in meaning and effect with the statutory language" in section 533. *State Farm Fire & Cas. Co. v. Estate of Jenner*, 874 F.2d 604, 606 (9th Cir. 1989). Intent has its ordinary meaning to "have in mind some purpose or design." *Shell Oil Co. v. Winterthur Swiss Ins. Co.*, 15 Cal. Rptr. 2d 815, 834 (Ct. App. 1993) (citation omitted). Intent refers to a "sense of results desired, purposefully sought, or brought about by design." *Id.* An insured has a specific intent to cause harm if he "subjectively wanted" the

injury to be a "result of his conduct." *Id.* at 835–36 (emphasis omitted) (quoting *Patrons-Oxford Mut. Ins. Co. v. Dodge*, 426 A.2 888, 892 (Me. 1981)).

Frank's guilty pleas to general intent crimes do not *alone* establish that he intended to cause her injuries. *See Allstate Ins. Co. v. Overton*, 206 Cal. Rptr. 823, 827–28 (Ct. App. 1984). But the stipulated facts reveal Frank grabbed and pulled Kogler's hair from behind with such force that she was lifted from the ground, before dragging her through the grass toward a grove of trees. Intentional and willful conduct is evidence that an insured intended to cause harm. *See J. C. Penney Cas. Ins. Co. v. M. K.*, 804 P.2d 689, 699 (Cal. 1991) ("For example, an insured may intentionally shoot another person in the head at point blank range. Obviously, the insured (if he is sane) intends to injure"). Frank's admissions to committing aggravated assault, battery, and false imprisonment, together with the other stipulated and pleaded facts, establish that Frank intended to cause Kogler's injuries.

Frank's voluntary intoxication and inebriated state does not negate his specific intent. Even though the California Supreme Court has not yet resolved this question, *Jacobs v. Fire Insurance Exchange*, 42 Cal. Rptr. 2d 906 (Ct. App. 1995), is strongly persuasive. *See Owen ex rel. Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983) ("In the absence of a pronouncement by the highest court of a state, the federal courts must follow the decision of the intermediate

3

appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently" (quoting *Andrade v. City of Phoenix*, 692 F.2d 557, 559 (9th Cir. 1982))).

In *Jacobs*, the court concluded that an act done under compulsion of an irresistible impulse was not willful under section 533. *See Jacobs*, 42 Cal. Rptr. 2d at 924. The court distinguished between cognitive capacity, which is to "know the nature of one's actions," and volitional capacity, which is to "be able to control one's conduct." *Id.* at 910 n.3. Limiting its holding to the latter, *Jacobs* held that "volitional incapacity, or an 'irresistible impulse' does not negate a 'willful act' under section 533 where the insured retains cognitive capacity." *Id.* at 908. In support of this conclusion, *Jacobs* cited to a study by the American Psychiatric Association concluding that insanity defenses include only those severely abnormal mental conditions "that are not attributable primarily to the voluntary ingestion of alcohol or other psychoactive substances." *Id.* at 923.

By concluding that the insured's conduct was inherently harmful under section 533, *Jacobs* did not reach the specific intent component of section 533. *See id.* at 913 n.8. Nonetheless, *Jacobs* necessarily implied that volitional capacity is not required for an act to be "willful" under section 533, even where an insurer must prove specific intent to cause harm. *See id.* Because section 533 informs the meaning of the policy exclusion, volitional incapacity caused by voluntary

intoxication does not negate an insured's specific intent under California law.

Finally, there is no genuine dispute of fact that Frank possessed cognitive capacity. Frank pleaded guilty to and was convicted of aggravated assault. Frank therefore admitted to committing conduct such that a reasonable person would have "realize[d] that a battery would directly, naturally and probably result from his conduct." *People v. Williams*, 29 P.3d 197, 203 (Cal. 2001). There was no evidence in the record showing Frank was insane or that he was acting in self-defense. Accordingly, Frank knew the nature of his conduct.

For these reasons, the Umbrella Policy excludes State Farm's coverage of Frank's acts. Accordingly, the district court's grant of summary judgment in favor of State Farm is

**AFFIRMED.**